## Case No. 17,615.

### WICKS et al. v. PERKINS.

[1 Woods, 383; [1] 13 N. B. R. 280.]

Circuit Court, E. D. Texas. May Term, 1871.

BANKRUPTCY—MORTGAGEE'S CLAIM—NECESSITY OF
PROOF.

The lien of a mortgage creditor on the real
property of a bankrupt is not lost by his failure
to prove his debt, so that after the end of
the proceedings in bankruptcy, he cannot en-
force his lien.

[Cited in Re Cooper, Case No. 3,190; Cottrell
v. Pierson, 12 Fed. 806; Gildersleeve v.
Gaynor, 15 Fed. 103.]

[Cited in Burtis v. Wait, 33 Kan. 482, 6 Pac.
785.]

In equity. [Suit by the assignee in bank-
ruptcy of George A. Wicks & Co. against Hen-
ry E. Perkins.] On exceptions to the suffi-
ciency of a plea to the bill of complaint.

Peter W. Gray and W. B. Botts, for com-
plainant.

John W. Harris and Branch T. Masterson,
for defendant.

WOODS, Circuit Judge. The bill was filed
on September 10, 1870, and alleges in sub-
stance, that on the first day of April, 1867, the
defendant, Henry E. Perkins, being indebted
to George A Wicks & Co., in a large sum of
money, made and delivered to said Wicks &
Co. his four promissory notes of that date, for
$4,214.29 each, payable to their order at the
Houston Insurance Company in the city of
Houston, in six, twelve, eighteen and twenty-
four months respectively, with eight per cent.
interest. On the same day, in order to secure
the payment of said notes, Perkins executed
to Andrew J. Burke a deed of trust in the
nature of a mortgage, conveying to him cer-
tain real estate in the Eastern district of the
state of Texas. The said deed of trust was
subject to the condition, that if said Perkins
should pay the notes aforesaid when they fell
due, the deed should be void, otherwise the
said Burke was authorized to sell at public

---

[1] [Reported by Abbott Brothers.]

[1] [Reported by Hon. William B. Woods, Cir-
cuit Judge, and here reprinted by permission.]

sale the property conveyed to him by said deed, and apply the proceeds of the sale to the payment of the principal and interest due on said notes, and the surplus, if any, he was required to pay to said Perkins. The said notes were afterwards, and before maturity, transferred to complainant, together with the benefit of the security of said deed of trust. The bill further alleges that Perkins failed to pay the notes at their maturity, and the trustee, Burke, has failed and neglected to execute the powers conferred on him by the deed of trust. Perkins still remains in possession of the said real estate, and at the December term, 1868, of the district court of the Eastern district of Texas, applied for and obtained his discharge in bankruptcy; that John W. Harris, one of the defendants, claims to have purchased said real estate included in said deed of trust, at a sale thereof by the assignee in bankruptcy of said Perkins, but no valid sale of said lands was made that could in equity affect complainant's lien; no valid order or decree of the court for the sale of said lands was made so as to affect said lien; that no person authorized so to do has ever applied for such order of sale, and complainants never had notice of such proceedings as required by law, and that no lawful order for sale of said lands has ever been made by the court having jurisdiction thereof. The bill prays that said lands may be sold disincumbered of any claim or title of said Harris, and the proceeds applied to the payment of the amount due on the notes secured by said deed of trust. To this bill a plea is interposed which alleges in substance, that on the 23d day of December, 1868, the defendant, Perkins, filed his petition to be adjudged a bankrupt; that on the 3d day of February, 1869, he was so adjudged; that the debt of complainants was provable in bankruptcy; that complainants had notice of the proceedings in bankruptcy before the filing of their bill of complaint, and that they neglected and failed to prove their debt in the said proceedings in bankruptcy as required by law. The case is submitted on the sufficiency of this plea.

It appears from the pleadings that Perkins, the bankrupt, received his final discharge before the filing of the bill in this case. The plea, therefore, presents the question, whether the lien of a mortgage creditor on the real estate of the bankrupt is lost by his failure to prove his debt, so that after the termination of the proceedings in bankruptcy he cannot enforce his lien.

I think this proposition must be decided in the negative. A secured creditor can resort to one of these remedies: (1) He may rely upon his security. (2) He may abandon it and prove the whole debt as unsecured; or (3) he may be admitted only as a creditor for the balance remaining after the deduction of the value of the security. If he takes either of the two courses last named, he must of course prove his debt. But suppose he chooses to rely upon his security, there is no positive provision nor is there anything in the policy of the bankrupt law requiring proof of the debt, unless he seeks the aid of the bankrupt court to enforce his lien. By the 20th section of the bankrupt act [14 Stat. 526], the assignee may sell incumbered property of the bankrupt subject to the claim of the secured creditor thereon. This he may do without petitioning the court or without any order of the court, but where he so sells he does so subject to all lawful incumbrances, and can convey no higher or better interest. The proceeds of the sale are supposed to be the price and value of the interest so sold, with a knowledge of incumbrances. Such a sale does not therefore affect the lien of the creditor. Is it lost by the mere fact that he does not prove his debt? I think not. He may rest on his security and enforce it at any time he pleases, either before or after the end of the proceedings in bankruptcy. Of course he loses any claim against the bankrupt personally, but he still has the right to proceed against the property the lien on which the law has preserved to him. The only objection to this view is found in the opportunity it might afford the bankrupt to shield his property from the claims of just creditors by covering it with fraudulent liens. The answer to this is that it is always in the power of the assignee, if he suspects that the property of the bankrupt has been fraudulently incumbered, to obtain an order of court to sell it free from incumbrances, and compel the lien holders to make good their claims by proof before a distribution of the proceeds of the sale. The fact that an assignee asks for a sale of property subject to incumbrances is an admission on his part that the incumbrances are bona fide. On such a sale the lien of the creditor is left intact, and he can take his own time to enforce it.

After the end of the proceedings in bankruptcy, the lien creditor may apply to any court of competent jurisdiction to enforce his claim. This is what the complainants in this case have done. The property according to the averments of the bill was sold subject to their lien, and they have not lost their lien by failing to prove their debt. I think therefore that the matter set forth in the plea is no sufficient answer to the bill. The plea must therefore be overruled.