GILDERSLEEVE and others *v.* GAYNOR, Assignee, and others.

(*Circuit Court, S. D. Alabama.* December Term, 1882.)

DEMURRER—LIMITATIONS IN BANKRUPTCY—SECTION 5057, REV. ST., CONSTRUED.
    The defendants in a suit in equity for the foreclosure of a purchase-money mortgage executed to the complainants by the mortgagor, a bankrupt, who, together with his assignee, are joined as defendants, demurred to the complaint on the ground that the cause falls within section 5057 of the Revised Statutes, and that it could not be maintained because more than two years had elapsed from the date of the appointment of the assignee of the estate and effects of the bankrupt to the commencement of the suit.
    *Held,* that the bar of the statute applies, not to every suit at law or in equity between an assignee in bankruptcy and another person, but to suits between an assignee in bankruptcy and a person claiming any *adverse interest* to any property or rights of property transferable to or vested in such assignee, and

that the action at bar does not fall within the statute; since the fact of the mortgage being admitted, the suit for the foreclosure of it is not the claim of an adverse interest in the property, within the meaning of the statute. The suit of one party against another in reference to property rights does not necessarily imply the existence of adverse interests to such property.

In Bankruptcy. Heard upon demurrer to bill.

BRUCE, J. This is a suit in equity for the foreclosure of a mortgage executed to the complainants by the mortgagor, Nelson W. Perry, a bankrupt, upon the property described in the bill, for the purchase money, to which Gaynor, the assignee of the bankrupt, Perry, and others are made parties defendant. The bill alleges that Nelson W. Perry was adjudged a bankrupt August 20, 1878; that the defendant Gaynor was appointed assignee of the estate of the bankrupt, Perry, on the fifth day of December, 1878, and the bill in this case was filed on the seventeenth day of November, 1882. The demurrant claims, therefore, that this cause falls within section 5057 of the Revised Statutes of the United States, and that it cannot be maintained, because more than two years had elapsed from the date of the appointment of Gaynor as the assignee of the estate and effects of the bankrupt to the commencement of this suit.

Section 5057 provides:

"No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. * * *"

The question, then, to be determined is whether the suit, the character and purpose of which is shown by the allegations of the bill, falls within this statute; for if so, the bar of the statute applies, and the question being properly raised by the demurrer, it would have to be sustained. The question is not, whether the action at bar falls within any exception to the statute, but does it fall within the statute at all? The bar of the statute applies, not to every suit at law or in equity between an assignee in bankruptcy and another person, but to suits between an assignee in bankruptcy and a person claiming an *adverse interest* touching any property or rights of property transferable to or vested in such assignee. The assignee succeeds to the property and rights of property of the bankrupt; so that the assignee, Gaynor, succeeded to the property and rights of property of the bankrupt, Perry, which were under the bankrupt law transferred to and vested in the assignee.

The assignee took no other or greater interest in the property than the bankrupt had in it at the date of his bankruptcy. He stands in the shoes of the bankrupt, and takes the property in the same plight and condition in which the bankrupt held it. *Yeatman* v. *Savings Institute,* 95 U. S. 766.

The title to the property had passed to the mortgagee under the mortgage, and the bankrupt had the right to redeem, to which right the assignee succeeded; that is, to the equity of redemption. He might redeem the property or sell it subject to the mortgage, or he may do neither the one nor the other; and the mortgagee may not come into the court of bankruptcy preferring to rely solely upon his security, which he has the right to do. *Wicks* v. *Perkins,* 1 Woods, 383.

The proposition of the demurrant is that if the mortgagee does not begin his suit to foreclose his mortgage within two years from the date of the appointment of the assignee, his suit is barred under section 5057 of the Revised Statutes of the United States. The proposition is almost startling to one who has regarded the provisions of the bankrupt law as protecting rather than imperiling *bona fide* liens upon property of a bankrupt.

But to the question: Can the suit for the foreclosure of the mortgage be held to be a claim of an adverse interest touching the property or right of property transferable to and vested in the assignee? What do the words "adverse interest," as used in the statute, mean? It is too narrow to say that it applies to property only held by adverse possession, and under claim of title hostile to every other.

In *Bailey* v. *Glover,* 21 Wall. 346, the supreme court of the United States says:

"This is a statute of limitations; it is precisely like other statutes of limitations, and applies to all judicial contests between the assignee and other persons touching the property or rights of property of the bankrupt transferable to or vested in the assignee, where the interests are adverse, and have so existed for more than two years from the time the cause of action accrued for or against the assignee."

See, also, *Gifford* v. *Helms,* 98 U S. 248.

The statute, then, applies, not only to suits where there is a contest as to the right of property *in specie,* but to suits where there are adverse interests; that is, claims on the one hand which are denied on the other, the determination of which will affect the *quantum* of the bankrupt's estate and the distributive share of the creditors. To cases of this class the statute applies, the object of it being, as the courts have said, to speed the settlement of the estate of the bankrupt.

The question, then, is, does the case at bar for the foreclosure of a mortgage fall within this class? And is the suit a claim of an interest adverse to the estate of the bankrupt, which would diminish it in the hands of the assignee and thus affect the rights of the creditors? The complainants do not claim any other or greater right in the property covered by the mortgage, than that granted by the mortgagor in his deed of mortgage, and the relief prayed is no other than the legal effect of the mortgage, which is the act and deed of the grantor therein.

The demurrants' proposition rests upon the assumption that the mortgagee and his grantor held interests in the property covered by the mortgage adverse and hostile to each other; that there is a claim on the one hand that is denied on the other. Such may be the fact, and the mortgagor may challenge the validity of the mortgage, and contest the alleged lien upon the property, and in such a case it is apprehended that the assignee of the mortgagor in bankruptcy would be compelled to move within two years to make such an attack upon the mortgage to relieve the property of an unfounded claim, so that it might go into the bankruptcy and be distributed to the creditors of the bankrupt. But that is not the case here, and the demurrant does not and cannot make such a question here, for the allegations of the bill make a case of a *bona fide* deed of mortgage, and, for the purpose of this demurrer, these allegations must be taken as true. The fact of the mortgage being admitted, the suit for the foreclosure of it is not the claim of an adverse interest in the property within the meaning of section 5057 of the Revised Statutes of the United States. It does not follow that because one party brings a suit *versus* another party in reference to property rights, that they necessarily bear adverse interests to property, or rights of property; for the object of the suit may be, not to contest rights of property, but to determine judicially the respective interests which such party has to the property.

The right to an equity of redemption is not inconsistent with the rights of a mortgagee under his mortgage, unless there is a disclaimer of the mortgage and an assertion of title hostile to it. *Ellsberry* v. *Boykin*, 65 Ala. 342, and cases there cited.

The cases cited in support of the demurrer do not sustain it, for they are not cases where the relation between the parties was that of mortgagee and the assignee in bankruptcy of the mortgagor, unless it be the case of *Phelan* v. *O'Brien*, 12 Fed. Rep. 428, where there had been a sale of the property covered by the deed of trust, and the

suit to set the sale aside was instituted more than two years after the date of the sale. The court held the statute of two years to apply to a suit of that kind, and it is manifest that the relation between the parties, after a sale of the property, was a different relation from that the parties occupied to each other before the sale. After the sale the relation was not only one of adverse interest, but it was one, also, of adverse holding by the purchaser claiming absolute title.

The case *In re Churchman*, 5 FED. REP. 181, was a case to ascertain and establish a lien on a vessel for supplies and repairs furnished, and it was there held that the statute of two years did apply; but the point in that case seems rather to have been that the statute did not apply, because it was a maritime lien that was sought to be established, against which the claim was that no statute of limitations runs. But the court held otherwise. The case, however, is not the case at bar, for it is a case to ascertain and establish a lien, not to foreclose a mortgage.

It is claimed that this court—the circuit court of the United States—has no jurisdiction of this suit if the interest of the mortgagee and the assignee is not adverse, because the language used in section 4979 of the Revised Statutes, conferring jurisdiction on the circuit courts in each district concurrent with the district courts of all suits at law or in equity brought by an assignee in bankruptcy against any person claiming an adverse interest, or by such person against an assignee touching any property or rights of property transferable to or vested in such assignee, is in substance used in the section now under consideration.

Where there is a claim of such adverse interest, section 4979 gives jurisdiction to the circuit court. But admit that the section does not cover this case, does it follow that there is no jurisdiction in the circuit court of the United States to entertain a bill to foreclose a mortgage where the conditions as to citizenship and amount involved exist? I think not. The jurisdiction of the court does not depend upon section 4979 of the Revised Statutes.

The result of these views is that the demurrer is overruled, and it is so ordered.