———o———

JESSE J. McGREADY, Plaintiff in Error, *vs.* FRANK HARRIS, Defendant in Error.

1. *Ejectment—Trustees' sales—Proceedings in bankruptcy—Adjudication—Equity.*—The mere fact, that proceedings in bankruptcy, which had not proceeded to an adjudication, had been commenced against the grantor in a deed of trust, will not invalidate a sale under said deed by the trustee; such sale would convey the legal title, and such title would be available in an action of ejectment.

QUERY, whether in a direct proceeding for that purpose, a court of equity would set aside such sale?

*Error to Washington Circuit Court.*

*John L. Thomas & Bro.*, for Plaintiff in Error.

I. Even if the sale under the deed of trust after the filing of the petition in bankruptcy against the grantor, would not prevent the assignee subsequently appointed from redeeming

the premises, the purchaser at such sale acquired the legal title, and is, therefore, entitled to the possession, till the sale be set aside, and the proper party has been permitted to redeem. (Sharman vs. Howell, 49 Ga., 257; Fehley vs. Barr, 66 Penn., 196; Bump Bankr., 179, 269, 174, 178, 266, 143; *In re*, Fuller 4 B. R., 29; Bowman vs. Harding, 56 Me., 559; Kittredge vs. Warren, 14 N. H., 509; Clark vs. Binninger, 30 How Pr., 363; Jones vs. Lellyett 39 Ga., 64; *In re*, Brinkman, 6 B. R., 541; Marshall vs. Knox, 8 B. R., 97.)

II. In involuntary proceedings in bankruptcy, it may become necessary for the United States Courts to exercise the power to issue writs of injunction to prevent waste. (Bump Bankr., 268, 541.) But an injunction even in these cases will not go as a matter of course. (*Ibid*, 265, 268, 269; Creditors vs. Cozzens, 3 B. R., 73; *In re*, Metzler 1 Bt., 356.)

III. Strangers to the proceedings in bankruptcy not served with process, and who have not voluntarily appeared and become parties to such litigation, cannot be compelled to come into court under a petition for a rule to show cause. (Bump Bankr., 272, 266.)

IV. The trustee having made sale of the property according to the forms of the deed of trust, at the request of the *cestui que trust*, he at least transferred the legal title to the purchaser, upon which ejectment may be maintained. (Walcop vs. McKinney, 10 Mo., 229; Sutton vs. Mason, 38 Mo. 120; Pease vs. Pilot Knob Iron Co., 39 Mo., 124.)

*M. Kinealy, and Reynolds & Relfe*, for Defendant in Error.

I. The commencement of proceedings in bankruptcy, transfers to the District Court the jurisdiction over the bankrupt, his estate, and all parties and questions connected therewith; and operates as a *supersedeas* of all process in the hands of a sheriff of a State court, and as an injunction against all other proceedings than such as may thereupon be had under the authority of the District Court, until the question of bankruptcy shall be disposed of. (Jones vs. Leach, 1 B. R., 165; Pennington vs. Lowenstein, 1 B. R., 157; *In re*, Brink-

man, 7 B. R., 421; Hutchings vs. Muzzy Iron Works, 6 Chic. Leg. News, 27.) This jurisdiction exists until such case is closed. (Bankrupt Act, § 1; Bump Bankr. [5 Ed.], 173, 174; *In re*, Hasbranch, 1 Bt., 402.)

II. On equitable principles plaintiff ought not to be put in possession. (Johnson vs. Houston, 47 Mo., 227.) We ask the court to enter here a decree setting aside the sale by the trustee. (Griffith vs. Judge, 49 Mo. 536.) The trustee must adjourn the sale if necessary to prevent a sacrifice of the property; otherwise, the sale will be set aside. (Graham vs. King, 50 Mo., 22; Bates vs. Perry, 51 Mo., 449; Quarles vs. Lacey, 4 Munf., 251; Rosett vs. Fisher, 11 Grat., 492; Hobson vs. Bell, 2 Beav., 17; 2 Am. Law Reg., [N. S.] 712, which contains an exhaustive review of the question.) It is the duty of the trustee to refuse to sell while clouds are hanging over, or disputes concerning the title exist, which would prevent a sale at the full or fair price value of the property. (2 Am. Law Reg., [N. S.] 732, and cases cited; Longwith vs. Butler, 8 Ill., 32.)

III. This equitable defense set up by defendant, under our practice can be pleaded and determined in ejectment. (Wynn vs. Corey, 43 Mo., 301.)

NAPTON, Judge, delivered the opinion of the court.

This was an action of ejectment. The plaintiff was the purchaser of the lands sued for, at a sale made in August, 1872, by the trustee under a deed of trust made in 1868. In April 1872 (Apr. 8th) proceedings in bankruptcy had been instituted in the District Court of the United States against the debtor and grantor in the deed of trust, but the trustee, although apprised of such proceedings by the grantor on the day of the sale, proceeded with the sale, and the plaintiff became the purchaser, and the only question is, whether the institution of the proceedings in the U. S. District Court rendered the sale void.

There was no order from the District Court restraining, or otherwise interfering with, the sale, nor had the proceedings therein terminated in any adjudication whatever. It was an

attempt on the part of defendant's creditors to have him de clared a bankrupt.

The Circuit Court, before which this case was tried, declared the sale null, and that the plaintiff had no title.

We do not so understand the decisions of the Federal Courts interpreting the Bankrupt Act. That law was not designed to invalidate or destroy *bona fide* liens on the estate of the bankrupt, nor does it reserve exclusively to the District Court the power to have them enforced in all cases, and under all circumstances.

They may be enforced in [the] mode provided for by the contract of the parties, or by the action of State courts or State officers.

Doubtless the District Court might have intervened in this case, but it did not, and therefore we cannot see that the mere fact of a proceeding being instituted would destroy the legal title of plaintiff as he received it from the trustee.

So far as the rights of an assignee in bankruptcy are con cerned, it may well be that the whole transaction could be, on presentation to the court, examined and declared fraudulent or void, if the facts warranted.

But no assignee has been appointed in this case, nor so far as the record shows has there been any adjudication whatever in the proceedings in the District Court.

Should such adjudication occur, and an assignee be appointed, we are unable to perceive why the assignee cannot deal with the purchaser as well as the mortgagor, if he seeks to question the validity of the deed or of the sale thereunder.

With these questions however we have no concern. In this action of ejectment the simple question is, who has the legal title, the purchaser at the sale or the defendant? The deed gave the trustee a power to sell and convey the legal title.

Whether this sale was made under such circumstances as to authorize a Court of Equity to set it aside in a direct proceeding for that purpose, is another question, which is not presented by this case. The court below simply declared the sale a nullity. It may be, that the land was sacrificed, and

that the trustee should have deferred the sale under the circumstances, but the court below did not pass on that point and it is not therefore before this court.

The judgment is reversed and the cause remanded. The other judges concur.