————o————

CONRAD SEIBEL, Plaintiff in Error, vs. FERDINAND SIMEON, Defendant in Error.

1. *Mechanics' liens—How affected by proceedings in bankruptcy—Permission to lienor to sue obtained from the U. S. court unnecessary.*—The jurisdiction of a State court to enforce a mechanic's lien, having attached, will not be divested by proceedings in bankruptcy instituted subsequently thereto. And the lienor may sue and obtain judgment and execution without an order

| 62 | 255 |
| 108 | 438 |
| 62 | 255 |
| 166 | 520 |
| 62 | 255 |
| 92a | 139 |
| 62 | 255 |
| e96a | 75 |

from the United States court permitting him to prosecute his suit. And where the property is sold subject to the liens, the course for the lienor is to proceed against the property.

### Error to St. Louis Circuit Court.

**E. C. Kehr**, for Plaintiff in Error.

I. The circuit court had acquired jurisdiction before the petition in bankruptcy was filed, and that jurisdiction was not divested by the subsequent proceedings in bankruptcy. (Matter of Chas. H. Wynne, Bankrupt, 4 Bank. Reg., 23; S. C., 9 Amer. L. Reg., pp. 627–633; Marshall vs. Knox, 16 Wall. 551; Peck vs. Jenness, 7 How., 624; McGready vs. Harris, 54 Mo., 137–40; Douglass vs. St. Louis Zinc Co., 56 Mo., 401; Biddle's Appeal, 68 Penn., 13–16; Keller vs. Denmead, 68 Penn., 454; Rohrer's Appeal, 62 Penn., 498–503; Whitridge vs. Taylor, 66 N. C., 263; Cole, adm. vs. Duncan, 58 Ills., 176; Truitt vs. Truitt, 38 Ind., 16–26; Pierce vs. Wilcox, 40 Ind., 70; King vs. Bowman, 24 La. An. R., 506; Willard vs. Brigham, 25 La. An. R., 600; Lenihan vs. Haaman, 14 Abbott's Prac. Rep., 274; S. C., Nat. Bankr. Reg., 557.)

**Slayback and Haeussler**, for Defendant in Error.

We contend all title rests in the assignee from date of his appointment. (§ 14 of Bankr. Act, 3 ed., Bump, pp. 282, 283.)

Suits pending in State courts after petition filed in Bankruptcy court are stayed or suspended. (10 Bankr. Reg., p. 503. They may, with leave of the bankrupt court, be prosecuted to judgment so as to ascertain the amount due, but final process, to procure satisfaction, cannot be issued and executed. And the bankrupt court has full and complete original jurisdiction to administer the estate, and a sale by a sheriff, or other person, must be under its supervision. No other court can determine the manner of its disposition. (See 1st Bankr. Reg., 125, 165; 2nd Bankr. Reg., pp. 138, 170, 53, 164, 33, 46, 155; 3rd Bankr. Reg., p. 31; see also Vol. 2, 2nd Nat. Bankr. Reg., p. 2.)

SHERWOOD, Judge, delivered the opinion of the court.

This case presents but one question. Whether the jurisdiction of a State court, to enforce mechanics' liens, having attached, that jurisdiction will be divested by proceedings in bankruptcy, instituted subsequently thereto. The decisions, both of our own, and of the federal courts, give a negative reply. (McGready vs. Harris, 54 Mo., 137; Douglass vs. St. Louis Zinc Co., 56 Mo., 401; *In re* Chas. H. Wynne. 4 Bankr. Reg., 627; Marshall vs. Knox, 16 Wall., 551; Peck vs. Jenness, 7 How., 624.) The same view of the law is held in Pennsylvania. (Biddle's Appeal, 68 Penn., 13; Keller vs. Denmead, Id., 454.)

These cases announce the familiar doctrine "that where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested and taken away by proceedings in any other court."

In this case, however, the district court, on the joint application of Teichman, the assignee, and of the lienors, made an order permitting the latter to prosecute their suits in the St. Louis circuit court, and they did so, Teichman appearing and defending these suits. And when the assignee in conjunction with the trustee, Barclay, under the order of the district court, made sale of the property charged with the incumbrance created by the deed of trust, that sale was made, as appears in the report of the assignee, which was approved by the court, with the distinct announcement that the property was sold "subject to all mechanics' liens and taxes." And this report is referred to in the deed made by the assignee and trustee to the defendant.

As a matter of course, the defendant took subject to the terms of the sale at which he purchased. The authorities above cited, as well as the bankrupt act itself, all bear out the idea, that that act was never designed to divest existing liens of the character under consideration. This is apparent from the 14th. 15th and 20th sections of the act. (*In re* Hugh Campbell, 1 Nat. Bankr. Reg., 165.)

17—VOL. LXII.

As the property had been sold subject to the pending liens, the only course for the lienors was to obtain judgment and enforce their liens by execution against the property bound thereby. And as the circuit court had jurisdiction to render judgment, the right to issue execution thereon followed as a necessary sequence; and no permission from the United States court was requisite to enable the circuit court to discharge the ordinary functions incident to the exercise of its own inherent powers. (See above authorities).

It follows that the trial court erred in forcing the plaintiffs to take a non-suit, by excluding the executions and sheriffs' deeds, showing that plaintiff had bought the ice house, the building of which gave origin to the mechanic's liens. The result is, the judgment will be reversed and the cause remanded.

Judge Vories absent; the other judges concur.