## In re KERBY–DENIS CO.

### (District Court, E. D. Wisconsin. May 13, 1899.)

1. BANKRUPTCY—PRIORITY OF CLAIMS—LIENS.

Where a statute of the state creates a lien in favor of employés performing certain kinds of labor, but provides that such lien shall not continue in force unless a statement thereof is filed within 30 days, and action begun within 3 months, holders of such liens, perfected according to the statute, against the bankrupt employer, are entitled to payment in full out of the proceeds of the property affected, in preference to claims for labor of the same kind which have not been preserved as the statute directs, although both classes of claims are equally within the description of claims for "wages," as to which the bankruptcy act declares that they shall "have priority, and be paid in full out of bankrupt estates." Section 64 (30 Stat. 563).

2. SAME—PREFERENCES—DISSOLUTION OF LIENS.

A lien for the wages of labor, created by such a statute and preserved in force according to its directions, is not a preference within the meaning of the bankruptcy act, nor is it among the classes of liens which are dissolved by an adjudication in bankruptcy under the provisions of section 67, subds. c and f, of the bankruptcy act (30 Stat. 564).

In Bankruptcy. On review of an order of the referee in bankruptcy directing the payment pro rata of certain labor claims against the estate of the bankrupt, and denying priority of payment to such of the said claims as were secured by a lien created and perfected according to the statutes of the state.

W. C. McLean, for lien creditors.

T. W. Spence, for trustee in bankruptcy.

SEAMAN, District Judge. The question certified by the referee is, in effect, whether the lien given by the state statute remains operative after the intervention of proceedings in bankruptcy. Its solution depends upon a sound construction of the existing bankruptcy enactment, without regard to any seeming hardship or inequality in the circumstances of the instant case. All the claims covered by the order of the referee are for labor performed within the time and for amounts entitled to priority as directed by section 64 of the act (30 Stat. 563), "and to be paid in full out of bankrupt estates." The aggregate amount is about $15,000, of which about $7,000 is represented in liens filed and adjudged, and the remaining $8,000 were claims for which liens could have been obtained when the petition was filed in bankruptcy, but no liens were in fact filed or perfected. The property attached for the liens came to the hands of the trustee under a stipulation that the proceeds should be subject to an adjudication here of the rights of the parties, and such proceeds, with all realized from other property of the bankrupts are insufficient to pay in full both lien claimants and preferred claims, without reference to general indebtedness. The statutes of Michigan establish the liens in question as existing rights in favor of persons performing labor in manufacturing lumber, shingles, etc., to be paramount over all other claims or liens (3 How. Ann. St. §§ 8427a–8427p), but provide that the indebtedness shall not remain a lien on the products un-

less statement thereof is filed with the clerk of the county within 30 days after completion of the labor, and, further, that action must be commenced within 3 months. The lien is created by the statute, and not by the acts of filing the claim and bringing suit, which merely preserve or keep it in force. It is of a class uniformly regarded with favor, and so recognized by the bankruptcy act of 1867 and the decisions thereunder. A distinction is asserted under the present act that it makes no direct provision for such liens, but declares the invalidity of preferences obtained by various means in broad terms which include liens of this character. I am clearly of opinion that these statutory liens are not within the inhibited liens or preferences named in the act. The provisions which are cited to defeat them are subdivisions c and f of section 67, but the settled rules of construction, under the maxim, "Noscitur a sociis," exclude such application. The one relates exclusively to "a lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession," where the intention appears to give or obtain fraudulent preference; and the other to "levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent." In each the term "lien" is limited to such as are created through legal process, whereby a preference is obtained by the action or consent of the parties, and it cannot be extended to include the liens in question, which are expressly created by the state statute through the performance of the labor. The subsequent acts of notice and suit are mere matters of procedure to preserve and enforce the lien, and are in no sense the source of the preference. It is true that no provision is found in the act in express terms preserving liens of this character, but their recognition in that view is clearly apparent by the first clause of section 67, as follows: "Liens. (a) Claims which for want of record or for other reason would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against the estate." There being no provision to the contrary, I am of opinion that the liens afforded by the state statute are undisturbed by the present act, and that decisions as to their force under the act of 1867 are, generally speaking, applicable as well under the present act. The liens being valid, the claimants were at liberty to proceed for their enforcement in accordance with the state law up to the time possession of the property was taken in bankruptcy, and, unless the court of bankruptcy otherwise directed and provided for their ascertainment and enforcement, could proceed to judgment. The trustee in bankruptcy received the property to which the liens attached subject to their payment if found to be valid, and on the view stated the liens must be paid out of the proceeds derived from its sale, thus leaving the sum which then remains in his hands, including that derived from other property, to constitute the estate or assets for payment of "debts which have priority," as declared by section 64. The claims which are proved merely as labor claims, and not preserved as liens by filing the

requisite statement with the clerk of the county, cannot be recognized as liens within the state statute, for the reasons well stated in the opinion of Judge Dyer in this court, under the act of 1867, in Re Brunguest, 7 Biss. 208, Fed. Cas. No. 2,055. With the lien kept alive and identified as the statute directs, I have no doubt this court could furnish a remedy equivalent to the action in the state court; but, as the lien depends exclusively upon the statute, and is destroyed by the failure to file, no authority exists for its restoration, and certainly this court cannot revive it to the prejudice of claimants who have complied with the statute. The claims so presented can be paid only out of the estate of the bankrupt, namely, the assets which remain in the hands of the trustee, and they are payable therefrom in the order of priority prescribed by section 64. The order of the referee must be modified in accordance with this opinion. So ordered.