In re EMSLIE et al.

(District Court, S. D. New York. December 2, 1899.)

BANKRUPTCY—DISSOLUTION OF LIENS—MECHANIC'S LIEN.

Where, under the laws of the state, a mechanic's lien attaches only from the date of filing in the office of the county clerk a notice claiming such lien, and not from the doing of the work itself, a lien so acquired will be dissolved by the adjudication of the insolvent debtor as a bankrupt within four months thereafter, under Bankr. Act 1898, § 67f, providing for the dissolution of liens "obtained through legal proceedings."

In Bankruptcy. On review of decision of referee in bankruptcy.

Ormsbee & Kehl, for lien creditor.

T. V. W. Anthony, for trustee in bankruptcy.

BROWN, District Judge. The question has been certified whether a mechanic's lien for labor and materials used in the construction of a house, is dissolved under section 67f by a petition filed within less than four months thereafter. The bankrupts had a general contract for the building of the house for the owner. Elliott made a subcontract with the original contractors to furnish certain material and labor, which were afterwards supplied pursuant to the original contract, amounting to $270. Emslie & Son afterwards failed and on April 29, 1899, made an assignment for the benefit of their creditors. On May 12th Elliott filed in the county clerk's office a claim of lien in conformity with the statutory requirements, and on May 29, 1899, a petition was filed by the creditors of Emslie & Son to have them adjudged bankrupt, and on August 15th they were so adjudged. Numerous other claims of lien it is said are in the same situation with that of Elliott, and if valid, they will absorb all of Emslie & Son's interest in their contract with the owner, and the moneys due thereon.

Under the present mechanic's lien law of this state (chapter 418, Laws 1897) no lien seems to exist for such contract work and materials, except from the time of filing a notice claiming such a lien. Upon this ground, the claim of lien was disallowed by the referee, inasmuch as it was acquired by the filing of the notice of claim in the county clerk's office in pursuance of the statute's provisions; and this was held to be a legal proceeding and therefore annulled under section 67f by a petition filed within four months thereafter.

The only case cited under the present act that bears upon the question, is In re Kerby-Denis Co. (D. C.) 94 Fed. 818, affirmed in 36 C. C. A. 677, 95 Fed. 116, in which a mechanic's lien under the statute of Michigan was held not to be made void under section 67f. These decisions, however, rested upon the express ground that the lien was not acquired by the filing of notice, but was created by the statute itself from the moment the work was done or materials furnished and existed independently of the notice; and that the requirement of filing the notice was merely a condition subsequent to prevent the lien from being lost. A decision essentially the same was made by Woodruff, J., in the case of In re Dey, 9 Blatchf. 285, Fed. Cas. No. 3,871, in reference to the statute of New Jersey, under

the bankruptcy act of 1867, reversing a decision below giving a different construction to the mechanic's lien law of that state.

The language of the present statute of New York seems to leave no doubt that the lien in this case does not arise upon doing the work or furnishing material, but only upon filing the notice of claim in conformity with the provisions of the statute, and it is only through this proceeding that the lien is created. It is the lodging of this claim under the statute that binds the property, just as the issuing of an execution to the sheriff under a judgment, binds the debtor's goods and chattels. I do not perceive any well-founded distinction in the nature of the acts creating such charges, and both I think are alike annulled under section 67f.

The liens allowed by the state statute on filing notice, are much more extensive than the preferences recognized by the bankrupt act (section 64b, cl. 4) in favor of workmen for their wages. The state statute embraces subcontractors, like this lienor, whose liens are often large, and much in excess of the $300 statutory limit; and these claims, if allowed, might exclude the very workmen favored by Bankr. Act, § 64b, cl. 4, by eating up all the assets.

The proceeding to foreclose the lien should, therefore, be stayed.