Holland v. Cunliff.

---

## CHARLES W. HOLLAND, Respondent, v. CHARLES CUNLIFF et al., Appellant.

### St. Louis Court of Appeals, August 4, 1902.

1. **Mechanic's Lien**: BANKRUPTCY: LIEN: PRACTICE, TRIAL. In a suit to enforce a mechanic's lien it appeared that the principal debtors had been discharged of the debt by proceedings in bankruptcy under the Federal Act of 1898, after steps to affix the lien had been taken by plaintiff: *held*, that the discharge did not defeat the lien.

2. ———: LIEN, WHEN IT COMMENCES UNDER MISSOURI STATUTES: FEDERAL BANKRUPT ACT. Under Missouri statutes the lien of a mechanic or materialman dates from the time of the commencement of the improvement. Such a lien is "not obtained through legal proceedings," within the meaning of the Federal Bankrupt Act of 1898, and is not discharged thereby.

3. **Federal Bankrupt Act**: DISCHARGE OF DEBTOR. The intent of the Bankrupt Act of 1898 appears to be to make the discharge personal to the debtor and not to release other parties liable with him, or liens not declared to be released.

4. **Judgment Lien**: GARNISHEE: DISCHARGE IN BANKRUPTCY: DEBTOR, RELEASE OF LIEN. Where a judgment lien has been obtained against the property of a garnishee, the discharge in bankruptcy of the principal debtor will not release the lien.

5. **Personal Judgment**: CONTRACTOR: MECHANIC'S LIEN. A personal judgment against the contractor is not essential to a mechanic's lien under the Missouri statute. Even the omission to make the contractor a party to the lien suit is a mere irregularity.

6. **Mechanic's Lien**: WHEN IT CAN NOT BE MAINTAINED. A mechanic's lien can not be maintained where the steps necessary to hold the principal contractor have been omitted; but only one of two contractors need be made party defendant to the suit.

7. ———: MATERIALS: LABOR: ACCOUNT, WHEN SUFFICIENT. Where various papers forming part of a mechanic's lien

account filed by the plaintiff refer to each other in such a way as to give the information required by the lien law, touching the materials and labor furnished, the account will be held sufficient.

8. ——: ——: ——. A charge in a lien account is not a "lumping" one where it includes only lienable items which were the subject of one contract for a given price, which is also shown to be the reasonable value of the article furnished.

9. ——: ——. Where separate buildings have been erected upon contiguous lots under one general contract, a mechanic's lien may be obtained, on proper proceedings, against all of the property, under the Missouri statute.

10. ——: WHEN A PARAMOUNT LIEN. A mechanic's lien for labor or materials in erecting a building is a paramount lien on the building as against a prior deed of trust on the land on which the building is situated.

11. **Parties:** JUDGMENT IN MECHANIC'S LIEN SUIT. Only parties defendant and those in privity with them are bound by the judgment in a mechanic's lien suit.

12. **Practice, Trial:** PRACTICE, APPELLATE. Where certain documentary evidence was introduced in the trial court and only the general effect thereof is stated in the appellate record, it will be presumed that the document support the conclusion reached in the trial court if such presumption is at all consistent with the statement of the effect of the instruments.

13. **Mechanic's Lien:** SUBCONTRACTOR: LIEN ACCOUNT. Where plaintiff gave an order upon his attorney in favor of a subcontractor for the amount of a claim included in plaintiff's account for a lien, and the order provided that the attorney should pay the subcontractor out of the proceeds of collection, the giving of the order constitutes no bar to a recovery by plaintiff of the item in question, in the circumstances stated in the opinion.

14. **Error:** PRESUMPTION: PRACTICE, TRIAL: PRACTICE, APPELLATE. Error is not to be presumed but must be affirmatively shown.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*R. M. Nichols* for appellants.

(1) After the discharge of defendant Cunliff, in bankruptcy, from the legal obligation of the contract,

this court can not render a judgment for the amount
of the debt against them, and inasmuch as the lien is
an incident to the judgment against the contractors,
against whom an execution must issue, and a return
nulla bona be had before proceeding against the prop-
erty, how is it possible for a court to sustain a me-
chanic's lien when there is no contract upon which a per-
sonal judgment can be rendered against the contractors?
Bombeck v. Devors, 19 Mo. App. 38; Steinkamper v.
McManus, 26 Mo. App. 52; Johnson, etc., Co. v. Schuy-
ler, 49 Mo. App. 587; Ray Co. v. Cramer, 54 Mo. App.
592. (2) The judicial authority to enforce a me-
chanic's lien in Missouri is purely statutory, and does
not belong to the powers of a court of equity. Steinin-
ger v. Reaman, 28 Mo. App. 594; McAdow v. Sturde-
vant, 41 Mo. App. 226. (3) In the statement of the
law as contained in "Case and Comment," referred to
by plaintiff's counsel, an examination of the cases will
show that the court exercised equitable jurisdiction, and
the statutory provisions were entirely different from
the statutory provisions of Missouri. Mfg. Co. v.
Burns, 59 Mo. App. 396. (4) The testimony shows
that by the "order," whether containing words of the
assignment of the account or not, it was intended by the
parties to assign, the item of the account of $315, for
glass and glazing, to the Drew Glass Company, as the
amount of the debt which plaintiff owed to it, and as
the particular item of indebtedness from the Cunliffs
to Holland out of which Holland's indebtedness to the
glass company accrued. The Drew Glass Company, it
was shown, did the work and furnished the material for
$315. It was considered by Holland that the Drew
Glass Company had an equitable right to that item, and
to make their title thereto sure he executed the written
"order" or assignment. Griswold v. Railway, 18 Mo.
App. 52; Kimball v. Donald, 20 Mo. 579; Smith v. Ster-
ritt, 24 Mo. 260; Jones v. Hurst, 67 Mo. 568. (5) The
item of $315 having been assigned to the Drew Glass

Company before the filing of the lien paper, plaintiff has no title under which to maintain a lien for that item, nor can the Drew Glass Company, under an arrange-ment with plaintiff, maintain such lien, because the lien is a personal matter. Griswold v. Railway, 18 Mo. App. 52; Benham v. Banks, 50 Mo. App. 840. (6) The testimony is uncontradicted that the Drew Glass Com-pany's men did the glazing, and were paid by the glass company, but it does not appear from the testimony what amount of the item of $315 constitutes wages. No lien is given plaintiff for the labor furnished by the Drew Glass Company, and inasmuch as the value of this labor is inseparable from the $315 item, for this con-glomeration of lienable and non-lienable items the lien must fail for the whole of said item. Griswold v. Rail-way, 18 Mo. App. 52; Brown v. Railway, 56 Mo. App. 460; Gallagher v. Schmidt, 55 Mo. App. 116; O'Connor v. Railway, 111 Mo. 194; Gauss v. Houseman, 22 Mo. App. 115. (7) The item of $315 has no dates, nor has the itemization shown in the bill of Drew Glass Com-pany against the plaintiff; nor does the lien paper help out this defect by the statement that the material was furnished and the labor done betwixt certain dates. The item of $315 is therefore void. Mitchell Plumbing Co. v. Allison, 138 Mo. 50; Curless v. Lewis, 44 Mo. App. 278.

*Wm. F. Smith* and *N. C. Collier* for respondent.

(1) The discharge in bankruptcy in no way in-validates or renders unenforcible the mechanic's lien in this case. Douglass v. St. Louis Zinc Co., 56 Mo. 388; Geibel v. Simeon, 62 Mo. 257; Phillips on Mech. Liens, secs. 299, 300. (2) Section 67 of the Bank-ruptcy Act avoiding "liens obtained through legal pro-ceedings" if obtained within four months prior to the filing of a petition in bankruptcy, does not embrace mechanic's liens at all, and if it did, the lien in the case

at bar was not obtained within said period. In re Kerby-Dennis Co., 95 Fed. Rep. 116; In re Emslie, 102 Fed. Rep. 291; C. C. A. reversing Cir. Ct., 98 Fed. Rep. 716. (3)   It seems to be conceded that if we have established our lien at all it runs upon all of the houses, or at least appellant's brief makes no contention to the contrary. We cite, however, the following cases:   Walden v. Robertson, 120 Mo. 38; Bickel ·v. Gray, 81 Mo. App. 653; Deardorf v. Roy, 50 Mo. App. 70.   (4)   There was no assignment by Drew Glass Company to plaintiff, but even if it might be so held, it was as collateral security, in no way defeating Holland's right to sue.   Ittner v. Hughes, 133 Mo. 692; Same v. Same, 154 Mo. 55; Fisher v. Patton, 134 Mo. 32.   (5)   The lien shows upon its face that the "Lights" itemized in Exhibit B meant glass in place, and it is unnecessary to state separately the panes of glass, the putty, oil, tin tacks, the labor and ordinary breakage that enter into glass in place.   McDermott v. Claas, 104 Mo. 14; Walden v. Robertson, 120 Mo. 45; Ittner v. Hughes, 133 Mo. 679; Same v. Same, 154 Mo. 55; Fisher v. Patton, 134 Mo. 52.   (6)   A lien account without dates, aided by the affidavit stating time of accrual of the demand, has been repeatedly held sufficient.   Hayden v. Wulfing, 19 Mo. App. 353; Kearney v. Wurdeman, 33 Mo. App. 447; Bruns v. Braun, 35 Mo. App.; Baer v. Pfaff, 44 Mo. App. 598; Bambrick v. Webster Groves, etc., Ass'n, 53.   (7)   Mechanics' lien statute highly remedial and liberally construed.   Dewitt v. Smith, 63 Mo. 263.   (8)   Form of judgment correct.   Schoeffer v. Lohman, 34 Mo. 18; Seibel v. Siemon, 52 Mo. 563; Schulenberger v. Hayden, 146 Mo. 582; Landan v. Cottrill, 159 Mo. 308.   (9)   Evidence reasonably shows houses in course of construction when deeds of trust were filed March 25, 1897, and Buckingham then prima facie mortgagee.   Schulenberger v. Hayden, supra.

BARCLAY, J.—Plaintiff brought this action to

enforce a mechanic's lien for labor and material furnished to certain buildings in the city of St. Louis. Charles Cunliff and Benjamin Cunliff as partners, under the firm name of Cunliff Brothers, were the owners with whom plaintiff dealt. The other defendants are Margaret Langan, William J. Langan, Charles C. Nicholls, trustee, Samuel C. Buckingham, Henry C. Crawford, trustee, B. J. Neiderlander, Cabanne Realty Company, a corporation, and the Nicholls-Ritter Realty & Financial Company, a corporation, possessing various interests in the real property sought to be charged with the lien. The petition is in the ordinary form and need not be quoted. Some of the defendants made default and did not answer, others filed general denials. The most important defense depends on the force of a discharge in bankruptcy pleaded by the Messrs. Cunliff, the principal debtors and original owners, each of whom introduced his discharge in evidence. The liability to the plaintiff on the demand here in suit was duly scheduled by them in proper form as an open account in the bankruptcy proceeding, and it is claimed to have been annulled thereby. No question as to the form of either discharge in bankruptcy is raised. The plaintiff took issue with the answer of the Cunliffs pleading their discharge in bankruptcy.

The following are some dates in the history of the case:

December 18, 1896, the Cunliffs acquired the land.

March 18, 1897, deeds of trust to Mr. Nicholls as trustee for a building loan.

April 26, 1897, first item of plaintiff's account, in suit.

September 3, 1897, part of lot sold to Mrs. Langan, subject to the incumbrance.

October 15, 1897, last item of plaintiff's account.

October 20, 1897, second deed of trust to Mr. Campbell as trustee.

March 19, 1898, plaintiff's lien account filed and suit begun.

March 10, 1900, bankruptcy petition of the Cunliffs filed.

June 30, 1900, discharge of the Cunliffs in bankruptcy.

Plaintiff's demand consists of an account for painting and glazing, the particulars of which will be mentioned in the progress of the opinion. The facts are practically undisputed. The only questions concern the law to be applied.

The trial court found in favor of the plaintiff in the sum of $1,005.90, after making a number of specific findings at the request of plaintiff.

Owing to some of the peculiarities of the case it may be well to set forth the judgment of the trial court, omitting merely formal parts and the description of the property:

"The court having found from the evidence as set forth, in its finding of facts, that the defendants, Charles Cunliff and Benjamin Cunliff, as co-partnership under the firm name of Cunliff Brothers, as owners of the premises and improvements hereinafter mentioned, were at and prior to the commencement of this suit, justly indebted to plaintiff for work and labor done and materials furnished for and used in the construction of the six detached two-story brick and stone buildings, situated upon lot eighteen of block twenty-five of Gamble's second subdivision of Rose Hill, in block 3825 of the city of St. Louis, described in the petition in this case and in the mechanic's lien numbered 8228, read in evidence, said lot having," etc., . . . "in the sum of eight hundred and forty-two dollars, together with interest thereon at the rate of six per cent per annum from the sixteenth day of October, 1897, and that said indebtedness has never been paid, and that plaintiff has, in due time, manner and form, taken all the steps required by law to perfect and establish, and has per-

fected and established, and is entitled to a mechanic's lien for said indebtedness upon said buildings, and also upon said lot 18, whereon the same are situated; it further appearing that the defendants Charles Cunliff and Benjamin Cunliff, have, since the commencement of this suit, been duly discharged in bankruptcy, and that the said indebtedness secured by said mechanic's lien is not a now existing personal liability against either the said Charles Cunliff or Benjamin Cunliff, no personal judgment may or can be rendered against the defendants in this cause.

"It is therefore considered, ordered and adjudged, that plaintiff has and had established an indebtedness by and under his contract with the said Charles Cunliff and Benjamin Cunliff, owners of said described premises and improvements, which, principal and interest, now amounts to the sum of $1,005.90, and that said indebtedness is entitled together with costs accrued and to accrue in this proceeding, to be satisfied out of said described buildings and real estate of and for a mechanic's lien thereon in favor of said plaintiff, Charles W. Holland, and it is further ordered that special execution issue therefor to the sheriff of the city of St. Louis" etc.

Defendants in due time filed motions for a new trial and in arrest which were overruled and the present appeal was inaugurated, after the usual formal exceptions had been preserved.

We shall state the other material facts in conjunction with our rulings thereon.

1. The leading issue in this appeal is whether or not a mechanic's lien, duly imposed on real property by a proper observance of statutory procedure, is destroyed because of the fact that the principal debtors, the contracting owners, have been discharged in bankruptcy.

It is claimed by appellants that the relation existing between the Messrs. Cunliff and the property sought to .

be charged with liability for their contract with plaintiff is such as to discharge the property when the debt due by the original owner is discharged by bankruptcy proceedings. The defendants invoke the doctrine of many cited cases to the effect that in the absence of proper steps to hold the principal contractor, the lien against the property expires. How far that doctrine applies to a release in bankruptcy obtained by an owner, who is primarily liable on a contract for improvements, has not been the subject of any direct decision in Missouri in recent years.

It was held, however, in a case construing the bankrupt law of 1867, that a discharge in bankruptcy of the owner of real property would not release the property from such a lien. Douglas v. Zinc. Co., 56 Mo. 388, followed in Seibel v. Simeon, 62 Mo. 255. There are some differences, however, between the bankrupt law of 1867 and that now in force concerning the effect in releasing prior liens, so that it is necessary to inquire how far the existing law reaches in the direction claimed by the appellants.

There is much force in the learned and ingenious argument submitted by counsel for appellants to sustain the contention that the discharge of the principal debtor necessarily implies a discharge of property which stands merely as security for his debt. But the force of the argument is parried by the obvious intent of the Bankrupt Act itself. It appears to indicate with reasonable clearness that no such effect was intended to follow a discharge in bankruptcy.

By the law of Missouri, a lien in favor of an artisan or other person who furnishes labor or materials to improve realty is imposed in certain circumstances on the interest in land subject to the lien, from the time of the commencement of the building or improvement. R. S. 1899, sec. 4209. The lien is not, therefore, "obtained through legal proceedings" within the meaning of section 66f of the bankrupt law of 1898, although later legal

proceedings are needful to secure the fruits of the lien already engrafted on the realty by the performance of the beneficial acts described. In re Kirby-Dennis, 95 Fed. 116, affirming, 94 Fed. 818; In re Emslie, 97 Fed. 929, affirmed in 102 Fed. 291; In re Dey, 9 Bl. 285.

As a lien of this nature does not originate in legal proceedings, it is not released by virtue of the procedure under the Bankrupt Act; and, indeed, as one eminent Federal judge has said, it appears that liens of this sort are yet more distinctly preserved intact by the spirit if not the letter of the fourth subdivision of the same section 66 (sec. 66*d*). In re Emslie, 98 Fed. 719. The lien in question here began at least as early as the commencement of the work (April 26, 1897). It was filed in accord with the lien law and suit begun thereon March 19, 1898. The petition in bankruptcy was filed nearly two years later, and it did not disturb the lien.

It appears to us that the true construction of the Bankrupt Act itself must be held to preserve the force of a lien such as here appears to have been perfected (by every proper step except a final judgment) more than four months before the bankruptcy proceedings began.

Another feature of the present bankrupt law indicates how strictly personal a discharge thereunder is intended to be. We refer to the provision which declares that "the liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt" (sec. 16). The words, "in any manner a surety for a bankrupt," are of wide scope. Their intent appears to be to make the discharge personal to the debtor and to eliminate the general effect which would follow the release of the debt by act of the parties, under the principles of common law. It was held by the second division of the Supreme Court of Missouri in a recent case, that where a judgment lien has been obtained against the property of a garnishee, the discharge of the principal debtor in bankruptcy would not release the

lien, applying the principle of the provision last above quoted. Marx v. Hart, 166 Mo. 503 (66 S. W. 260).

The Missouri statute regulating the proceedings to complete a mechanic's lien does not inflexibly demand a perfect personal judgment against the primary debtor, as is manifest from the fact that as against him a mere publication will suffice, in a proper case. R. S. 1899, sec. 4215; Steinmann v. Strimple, 29 Mo. App. (St. L.) 478. The fact stamps the procedure as one which may be aimed, if necessary, directly at the realty as the subject of suit. Reilly v. Hudson, 62 Mo. 387; Mathews v. Heisler, 58 Mo. App. (St. L.) 145. The liability of the debtor may be enforced when it is proper. The fixing of a lien, however, upon the property is one of the prime objects which the statute has in view and is not diverted from by reason either of the insolvency or of the absence of the chief debtor. If he is insolvent the execution against him is nevertheless levied on the property charged with the lien. R. S. 1899, sec. 4216. If he is absent and not brought before the court, a personal judgment is dispensed with, the indebtedness found due and ordered to be levied of the property. R. S. 1899, sec. 4215; Bombeck v. Devorss, 19 Mo. App. (K. C.) 38.

These measures are designed to prevent a default of justice, and to make effective the statutory declaration that on certain facts the plaintiff "shall have for his work or labor done" a lien on the real property. R. S. 1899, sec. 4203. Except as otherwise provided by the lien act, the proceedings in these cases are to be the same as in ordinary civil actions. R. S. 1899, sec. 4210. The law is to be enforced in the spirit which gave it forth. It has been held in this State that the omission to make the contractor a party is a mere irregularity (Horstkotte v. Menier, 50 Mo. 158); that only one of two contractors need be brought in (Hassett v. Rust, 64 Mo. 325) and that the chief contractor may properly be joined as a party defendant in cases where no judg-

ment can appropriately be rendered against him (Walkenhorst v. Coste, 33 Mo. 401). The drift of all these rulings is to sustain the judgment here, in the circumstances confronting the court. The original debtors were made parties to this action. No personal judgment was entered against them because of their discharge from personal liability by force of the bankrupt act; but the lien affixed by their acts upon the property was not divested by their discharge, which had no larger effect than to release their personal liability.

The principle on which this result must rest is that a discharge in bankruptcy does not extinguish the debt, but merely confers a personal immunity from the enforcement thereof. Hence, any valid lien already imposed on property to secure the debt, at the time when the bankruptcy proceeding became effective, continues in undiminished vigor, unless the bankrupt law itself or our own positive law abates it. The lien in question here is not of that class. The Missouri statutes fully sustain it, and the Federal law does not impair it. 14 Am. and Eng. Ency. of Law (2 Ed.), 774; Bowditch Co. v. Jackson, 12 Gray 114; McCullough v. Caldwell, 5 Ark. 237; In re Blumberg, 94 Fed. 476; In re Coulter, 2 Sawy. 42.

2. Defendants complain of the ruling in the trial court by which an item of $315 for glass and labor, supplied to plaintiff for the building by the Drew Glass Company, entered into the judgment.

*a.* It is contended that plaintiff's account does not comply with the lien law in respect of that item.

Plaintiff made a general bid to do all the painting and glazing for $1,307 on the houses to be built. The bid was accepted by the Cunliff Brothers, about April 13, 1897. The glass and the placing thereof in the buildings were the subject of a subcontract by which they were to be furnished to plaintiff by the glass company. They came into the building and were recited in plaintiff's account in exact conformity to the above

facts. The bill of the glass company to plaintiff for the items so furnished figures in the lien account of plaintiff as follows:

"Glass, glazing materials and incidentals furnished in glazing the windows, doors, etc., of said six houses—including labor of glazing, beveling, etc., as set forth and shown in bill of items thereof of F. A. Drew Glass Company hereto attached, which glass, glazing materials and labor was used in and upon said building (same marked Exhibit B) $315.00."

Following the close of plaintiff's account appeared "Exhibit B," consisting of more than three folio pages, in the form of an itemized bill, beginning: "St. Louis, Mo. . . . 189--, Chas. W. Holland, bought of F. A. Drew Glass Company, corner 12th & St. Charles streets, "4 Lights 32x52, D. S. A.," etc.

That bill indicates no dates upon it. It mentioned "lights," dimension figures and trade initials for qualities, with occasional memoranda in regard to beveling. It was, however, connected by averments with the plaintiff's item on that subject, above quoted and that item in turn was the last of a long series of items (covering more than two folio pages) specifying the dates and kinds of work furnished by plaintiff himself, between April 26, and October 15, 1897. The opening lines of the lien account had a date and some other statements bearing on the contention of defendants. We reproduce them here:

"Exhibit A.

St. Louis, Mo., October 16, 1897.

"Cunliff Brothers: "In account with Chas. W. Holland, Painter, Dr.

"To furnishing the materials and labor for the painting, glazing, varnishing, etc., six houses on the northwest corner of Ply-

mouth avenue and Goodfellow avenue, as
per contract ....................$1,307.00
"The items of said material and labor is as fol-
lows:"

The preliminary statement by plaintiff introducing
his account aforesaid and the affidavit which follows the
glass company's bill contain all the necessary allega-
tions required by the lien law, and together with the
accounts plainly show that the date of plaintiff's charge
for the glass and the work of mounting it is October 16,
1897.

These various papers may be read together. If
they are so connected as to fairly give the information
required by the lien law, they are held sufficient. Lum-
ber Co. v. Hays, 75 Mo. App. (K. C.) 516.

The lien papers read as one gives distinct notice
that the charge for glass and glazing includes the labor
of placing the glass in its place as part of the building,
within the principles governing the Missouri decisions.
McDermott v. Claas, 104 Mo. 14; Grace v. Nesbitt, 109
Mo. 9. The law permits a lien both for labor and ma-
terials of the sort here in question. A charge is not a
"lumping" one where it includes only lienable items
which are the subjects of an express contract for a given
price which (in case of a subcontract) is also shown to
be the reasonable value thereof. Hilliker v. Francisco,
65 Mo. 598; Deardorff v. Roy, 50 Mo. App. (K. C.) 70;
Mahan v. Brinnell, 94 Mo. App. (St. L.), 165.

*b.* A conditional order was given by plaintiff for
the amount of the glass company's item of $315, in cir-
cumstances described in the following passage of the
finding of facts by the learned trial judge:

"The court finds that about the date and prior to
the date of the filing of the mechanic's lien, read in evi-
dence, in the office of the clerk of the circuit court for
the city of St. Louis, plaintiff gave to said F. A. Drew
Glass Company, an order on William F. Smith, his at-

torney, directing his said attorney to pay to said F. A. Drew Glass Company the sum of $315, and interest, out of the plaintiff's within-mentioned demand, if collected, which order said William F. Smith accepted, in writing across the face thereof upon the conditions therein recited, which order, so accepted, was then delivered to said F. A. Drew Glass Company, and has never been paid or taken up by plaintiff, which paper was given to said F. A. Drew Glass Company by way of security for its demand against plaintiff for said sum.''

The defendants insist that the effect of the facts found is to defeat plaintiff's lien as to that item. We do not agree to that contention. Plaintiff was liable, of course, to the glass company for the materials and work it contributed. The glass company filed no lien. The order was conditional on the recovery of the money by these proceedings. It did no more than express the moral obligation resting on plaintiff in the circumstances. It gave no hint of any assignment of the plaintiff's demand or any part thereof. It surely did not impair plaintiff's right of lien in view of the decision in Ittner v. Hughes, 154 Mo. 55.

3. The next assignment of error declares that as the beneficiaries in the first deeds of trust were not parties to the suit, the purchasers at the foreclosure sale thereunder took the property free of plaintiff's lien. It appeared and the court found that there had been a group of deeds of trust placed on the property by the Cunliffs, March 18, 1897. None of these documents is in the record. The only clue we have to their effect is in the recital by the court in the findings of fact that they were ''six several deeds of trust to secure building loans on separate described parcels of said lot 18,'' etc.

The lien of plaintiff was claimed against the whole lot under one general contract, despite the separate buildings on each minor lot. It was brought by the pleadings and evidence plainly within the protection of the statute on that subject. R. S. 1899, sec. 4227;

Walden v. Robertson, 120 Mo. 38; Hoover Co. v. Featherstone, 111 Fed. 81. The terms of the deeds of trust, or facts concerning their delivery, may have been such as to give priority to the plaintiff's lien as to the lot itself. As the language of those documents is not here for construction we must assume that it sustained the conclusion reached in the circuit court. Wilcox v. Todd, 64 Mo. 388. Error is not presumed but must be shown affirmatively.

Even if the deeds of trust had priority as to the lot, the lien would be paramount as to the buildings which plaintiff's materials and labor improved. R. S. 1899, sec. 4205. But that priority can not be considered further in this court, in view of the state of the record described. We must assume that the lien was effective to reach the interests of those made defendants, as the trial court found.

Whether the purchasers at the foreclosure sale are concluded by those proceedings is a mere moot question here. Only the parties defendant and those in privity with them are bound by the judgment. Russel v. Grant, 122 Mo. 161. To their interests, such as they may be, and to their interests alone, the lien is affixed by these proceedings. R. S. 1899, sec. 4211.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.