### COTTRELL *v.* PIERSON, Sheriff, and others.

*(Circuit Court, D. Nebraska. May, 1881.)*

1. JUDGMENT—LIEN OF.

The lien of a judgment is not lost by a failure to prove the claim of the judgment creditor in subsequent proceedings in the bankruptcy court against the judgment debtor.

2. SAME—PRIORITY OF LIEN OF JUDGMENT OF UNITED STATES.

A judgment in favor of the United States is not prior and paramount to a lien created upon the debtor's property existing before the proceedings in bankruptcy, which give the statutory priority to a debt due to the United States.

Bill in Equity.

*Towle & Reavis,* for complainant.

*Schoenheit & Thomas* and *S. A. Fulton,* for respondents.

McCRARY, C. J. By the law of Nebraska a judgment rendered by the district court of that state is a lien upon the real estate of the defendant in such judgment, situated within the county where rendered. Assuming that a judgment of the United States district court is a lien in like manner and to the same extent as if rendered by a state court of general jurisdiction, it follows that the judgment of the Springfield Manufacturing Company, being earliest in date, is the first lien, unless it has been divested or displaced by the proceedings in bankruptcy against Cameron, the judgment debtor, or is held subordinate to the latter judgment upon the ground that the latter is a judgment in favor of the United States and entitled to priority on that account.

It will be observed that the judgment of the Springfield Manufacturing Company was obtained over two years before the commence-

ment of the proceedings in bankruptcy, and that there is no charge of fraud or collusion in obtaining the rendition thereof. Did the failure of the plaintiff in said judgment to prove its claim in the bankruptcy court deprive it of its lien? I think not. There is high authority for the proposition that the lien of a creditor on the real estate of a bankrupt is not lost by his failure to prove his debt. *Assignee of Wicks* v. *Perkins,* 1 Woods, 383; 13 N. B. R. 280. The creditor in such a case may rely upon his security and omit to prove his claim in bankruptcy, and by so doing he will lose only his claim against the general estate of the bankrupt. The law did not require the lienholder to prove his debt in order to save his lien. Having a judgment in the state court by which his lien was established, he had no occasion to apply to the bankruptcy court for aid in its enforcement. Whether the judgment creditor in this case could have caused execution to issue and had his judgment enforced by sale pending the bankruptcy proceedings may admit of some question, since the estate was in a certain sense *in custodia legis.* In the case above cited, Judge Woods expressed the opinion that the lien could have been enforced either before or after the end of the proceedings in bankruptcy. However this may be, I am clearly of opinion that after the proceedings in bankruptcy had terminated, there was nothing in the way of the enforcement of the lien of the judgment in the state court by execution and sale. Freeman, Judg. 28, 29; *Second Nat. Bank* v. *Nat. Bank,* 14 Am. Law Reg. 281.

The question remains whether the judgment in favor of the United States, under which complainant purchased, was a lien prior and paramount to that created by the earlier judgment in favor of the Springfield Manufacturing Company. The affirmative of this proposition must be maintained, if at all, under the provisions of sections 346 and 5101 of the Revised Statutes of the United States.

The first of these provides that "whenever any person indebted to the United States is insolvent * * * the debts due the United States shall be first satisfied," and this priority is declared to extend to cases in which an act of bankruptcy is committed. Section 5101 provides that in the order for a dividend in a bankruptcy proceeding, after paying certain costs and expenses, "debts due the United States shall have priority."

It may now be regarded as settled that the priority of the United, States, given by these statutes, "does not overrule any liens upon the debtor's property which existed before the event occurred which gives the statutory priority; that is, before the insolvency." *U. S.* v. *Lewis,*

13 N. B. R. 38; *Conard* v. *Ins. Co.* 1 Pet. 438; *Brent* v. *The Bank,* 10 Pet. 596.

In so far as the early case of *Thelusson* v. *Smith,* 2 Wheat. 396, may have asserted a different doctrine, it is overruled by the later decisions of the supreme court of the United States above cited. As the lien of the judgments in favor of the Springfield Manufacturing Company existed more than two years before the insolvency of Cameron, it follows, by the rule above laid down, that it is not displaced by the subsequent judgment in favor of the United States.

The exceptions to the answer are overruled, and its averments being admitted, there must be decree for respondents.