MARTIN N. BARBER, APPELLEE, V. DAVID CROWELL ET AL., APPELLANTS.

FILED JUNE 23, 1898. No. 8209.

1. **Mortgage: DEFINITION.** A mortgage is a mere security in the form of a conditional conveyance.

2. **Partnership: LIEN IN FIRM NAME.** A lien on real estate to secure an indebtedness may accrue to a partnership in its firm name.

3. ———: **TITLE TO REALTY.** A partnership, as such, possesses no capacity to take a conveyance of the legal title to real estate.

4. **Petition to Foreclose Mortgage: PARTIES.** A petition in a suit to foreclose a real estate mortgage executed to "Western Trust & Security Company" and by it sold and assigned to the plaintiff did not fail to state a cause of action, although the mortgagee's character as a legal entity did not affirmatively appear.

APPEAL from the district court of Dodge county. Heard below before MARSHALL, J. *Affirmed.*

*Vesta Gray,* for appellants:

Upon the face of the petition it is apparent that an allegation necessary to constitute a cause of action is omitted. The grantee named in the mortgage in question is not an individual or natural person, as the word "company" and abstract terms, comprising the name, plainly indicate. It may be a partnership name, or a corporation name, presumptions in favor of either of which do not exist. If the grantee is a partnership then the mortgage deed is void. A partnership is not a person, either natural or artificial, and it cannot in law be the grantee in a deed or hold real estate. (*Woodward v. McAdam,* 35 Pac. Rep. [Cal.] 1016; *Jackson v. Cory,* 8 Johns. [N. Y.] 385; *Douthitt v. Stinson,* 63 Mo. 268; *State v. Chicago, M.*

& S. P. R. Co., 56 N. W. Rep. [S. Dak.] 894; *Burlington & M. R. R. Co. v. Lancaster County*, 4 Neb. 307; *School District v. School District*, 12 Neb. 242.)

*Munger & Courtright, contra:*

A mortgage of realty is a mere pledge creating a lien but conveying no title. (*Davidson v. Cox*, 11 Neb. 250; *Buchanan v. Griggs*, 18 Neb. 129.)

SULLIVAN, J.

This was an action in the district court of Dodge county to foreclose a real estate mortgage securing the payment of four promissory notes executed by the defendants David Crowell and Fannie A. Crowell to plaintiff's assignor, the Western Trust & Security Company. A demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action was overruled, and the correctness of that decision is the only question for determination here.

The allegations of the petition in relation to the execution and assignment of the notes and mortgage are as follows: "On July 18, 1889, the defendants, for a valuable consideration, made, executed, and delivered to Western Trust & Security Company their four promissory notes in writing of that date, whereby they promised to pay to Western Trust & Security Company, or order, $1,200 on August 1, 1892, with interest thereon at nine per cent per annum, payable annually, according to the tenor of three interest notes, both principal note and interest notes drawing interest at ten per cent from maturity, a copy of which principal note is hereto attached, marked 'Exhibit A,' and made a part hereof. To secure the payment of said notes said defendants on said day executed and delivered to said Western Trust & Security Company a mortgage deed and thereby conveyed to said Western Trust & Security Company lots 1, 2, 3, and 4, in block 10, R. Kittle's Addition to the city of Fremont, Dodge county, Nebraska. Said notes and mortgage

have, for a valuable consideration, in the ordinary course of business, and before maturity, been sold and assigned to plaintiff and plaintiff is now the owner and holder thereof." The alleged defect in the petition is its failure to affirmatively show that the Western Trust & Security Company possessed legal capacity to take the mortgage. We entirely agree with counsel that there is no ground whatever for a presumption that the mortgagee was a corporation; but, in view of the conceded fact that it received the notes and mortgage and sold and assigned them to the plaintiff, we cannot admit that there is any solid basis for the claim that it may have been a mere fiction. An ideal thing—a figment of the imagination—could not have done so much. Such commercial activity is not at all characteristic of those incorporeal entities that are wont to disport themselves in the realm of thought. They give little heed to trade and traffic, and reck not of negotiable instruments or collateral securities. They produce no legal results and are,

> "Like spirits that lie in the azure sky,
> When they love but live no more."

But, on the assumption that the mortgagee was a partnership or unincorporated association, it is contended that it could not take title to real estate, and that the mortgage was, therefore a nullity. It is undoubtedly true that a conveyance of land will be ineffectual to pass the legal title unless made to a grantee having capacity to receive it; and it is also true that a partnership possesses no such capacity. But a mortgage is not a conveyance. It is a mere security in the form of a conditional conveyance, and the interest which it vests in the mortgagee is not essentially different from that created by a mechanic's lien or an ordinary judgment. (*Davidson v. Cox*, 11 Neb. 250; *Buchanan v. Griggs*, 18 Neb. 121.) In the former case it was said: "In this state, a mortgage of real estate is a mere pledge or collateral security creating a lien upon the mortgaged property, but conveying no title nor vesting any estate, either before or after

condition broken." That a lien on real estate to secure
an indebtedness may accrue to a partnership in its firm
name has been decided in *Foster v. Johnson,* 39 Minn. 380,
and in *Chicago Lumber Co. v. Ashworth,* 26 Kan. 212. The
judgment of the district court is

AFFIRMED.