## WILLIAM A. PAXTON, EXECUTOR, v. JOHN A. SCOTT, TRUSTEE.

FILED NOVEMBER 19, 1902.   No. 12,169.

Commissioner's opinion, Department No. 1.

1. **Bankrupt:** FRAUD IN CONVEYANCE. The question of fraud in con- veyances made prior to July 1, 1898, could not be determined in a hearing on application by a bankrupt for his discharge in the bankrupt proceedings.

2. ———: DISCHARGE: EFFECT. The discharge of a bankrupt is only personal to himself, and does not affect any lien, either by contract or by judicial proceedings, against property.

3. **Judgment:** CONFLICTING EVIDENCE. A judgment rendered on con- flicting evidence will not be disturbed in this court unless clearly wrong.

ERROR from the district court for Douglas county. Ac- tion in equity by trustee of voluntary bankrupt to set aside a fraudulent conveyance. Tried below before KEYSOR, J. Decree for plaintiff. Defendant Paxton brings error. *Affirmed.*

*Charles A. Baldwin* and *Frank T. Ranson*, for plaintiff in error.

*James W. Hamilton* and *Henry E. Maxwell, contra.*

HASTINGS, C.

Counsel for plaintiff in error in this case says the errors complained of are numerous, but that the ques- tions as to the jurisdiction of the district court to hear and determine the issues presented and as to *res judicata,* underlie them all, and are vitally important. It is true that the same counsel later in his brief energetically assails the sufficiency of the evidence, but it seems clear that the most he can claim as to that is that the de- cree of the district court, ordering the insurance poli- cies turned over to the bankrupt estate, is a decision upon conflicting evidence, and if the court had juris-

31

diction, and if the matter had not been determined by the bankrupt proceedings shown in the record, the decree will have to be sustained. This suit was instituted by the trustee of James Stephenson, a voluntary bankrupt, to set aside conveyances of certain real estate in Omaha, and to obtain the surrender of four life insurance policies for the sum of $5,000 each, which had once been held by the bankrupt, and by him had been, prior to the passage of the present bankrupt law, turned over to his wife. The trial court dismissed the proceedings as to the land and held that the life insurance policies were justly a portion of the bankrupt estate, and should be surrendered to the trustee. Pending the action the wife died and it was revived against her executor and heirs. After the institution of this action, the bankrupt, Stephenson, made an application to the United States district court for his discharge in bankruptcy, which was opposed by the trustee on the ground of the pendency of these proceedings, and because of the fraud alleged in the transfer of the real estate in question and of the four insurance policies. The referee, to whom the objections were sent for determination, was instructed by the federal court to hear no evidence as to fraudulent acts committed before the taking effect of the present bankrupt law, July 1, 1898. The result was that no evidence could be presented, as all the alleged fraudulent acts took place in 1897, or earlier. The bankrupt received his discharge. It is now claimed that the discharge operated as a bar to these proceedings, and that the whole question of fraud is *res judicata,* and that the state court had no jurisdiction to proceed further after that decision.

We are not able to sustain this contention as to the effect of the discharge. A voluntary bankrupt may present his application for discharge within one month after he is adjudged a bankrupt, and must do so within twelve months. The hearing on this application will not ordinarily be stayed pending protracted litigation in other courts, it being the policy of the bankrupt law to secure the debtor's discharge as soon as consistent with justice. Lowell,

Bankruptcy, page 302, and cases cited; *In re Crenshaw,* 95 Fed. Rep. [D. C.], 632; *In re Cornell,* 97 Fed. Rep. [D. C.], 29. The effect of the discharge is personal to the bankrupt and it does not affect any lawful lien, charge or incumbrance existing on his property, but judgment may be especially entered thereon *in rem.* Lowell, Bankruptcy, page 314, citing *Long v. Bullard,* 117 U. S., 617, 6 Sup. Ct. Rep., 917, 29 L. Ed., 1004. The discharge of the bankrupt does not affect securities and they are subject to a judgment or decree *in rem,* but the creditor applying for such remedy may be required to await the result of the bankrupt's discharge, if the bankrupt or assignee insists upon it. If the creditor have an attachment or other lien, he may have a special judgment entered *in rem.* Lowell, Bankruptcy, sections 396 and 397. The bankruptcy law was carefully designed to save all liens against property from being affected by the discharge, and its terms seem ample for that purpose. Section 14 [U. S. Compiled Statutes, 1901, p. 3427] provides that the bankrupt shall be discharged on his application, unless he has—First, committed an offense punishable by imprisonment, as provided in the act (such offenses are only concealment of property from the trustee and making a false oath in connection with the bankruptcy proceedings); second, fraudulently concealed his true financial condition and in contemplation of bankruptcy, concealed, or failed to keep, books of account or records, from which his true condition might be ascertained. Evidently the decision of the federal court as to the discharge in bankruptcy contained no adjudication as to whether or not there had been fraud in the transferring of these insurance policies to his wife, and it is equally clear that the equitable lien of the trustee upon the property involved, which he held by virtue of this action, if he could establish fraud in the transfers, was in no way affected by the personal discharge of the bankrupt. If a bill is pending against a bankrupt and others alleged to be fraudulent trustees for him, his discharge releases only him. *Phelps v. Curts,* 80 Ill., 109.

With regard to the jurisdiction of the district court to determine this cause, it seems clear that under the bankruptcy law, it was the only court to which the trustee could resort. Subdivision *b*, section 23 [U. S. Compiled Statutes, 1901, p. 3431] of the law provides, "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." And in *Bardes v. Hawarden Bank*, 178 U. S., 524, it was held that unless jurisdiction attached to the federal court by reason of citizenship of different states, or for some other special reason, which would enable the bankrupt to institute actions in the United States courts, the state courts alone have jurisdiction over suits to set aside fraudulent conveyances. It seems, clear, therefore, that so far as the jurisdiction was concerned, as well as so far as relates to the question of *res judicata* by reason of the discharge in bankruptcy, the decision of the district court was right. So far as concerns the objections to the sufficiency of the evidence, as above stated, the utmost that can be claimed for the plaintiff in error is that it is a decision upon conflicting testimony, and we are by no means convinced that this was wrongly determined by the district court.

LOBINGIER and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decision of the district court is

AFFIRMED.