VALENTINE ULRICH V. A. J. MCCONAUGHEY.

Filed September 17, 1903.  No. 9,994.

1. **Partnership:** TRANSFER. Where one partner of a firm conveys or assigns partnership property, and such assignment is concurred in by the other member of the firm, the assignee will have a right

to the property assigned superior to one whose claim is based upon a subsequent assignment from one member of the partnership.

2. **Instructions.** Instructions examined, and *held* not erroneously given.

ERROR to the district court for Hamilton county: EDWARD BATES, DISTRICT JUDGE. Rehearing of case reported in 63 Neb. 10. *Former judgment vacated. Judgment of district court affirmed.*

*William H. Thompson,* for plaintiff in error.

*Eugene J. Hainer* and *Jerome H. Smith, contra.*

KIRKPATRICK, C.

This is a replevin action tried in the district court for Hamilton county. An opinion was filed in the case on November 20, 1901. *Ulrich v. McConaughey,* 63 Neb. 10.

The questions involved in the controversy are stated at length in the former opinion, and, therefore, need not be restated herein. We have made a careful examination of the entire record, and are of the opinion that the conclusion reached at the former hearing in this court is correct, as announced in paragraphs numbered 1, 2, 3, 4, 5 and 7 of the syllabus. So much of the opinion, therefore, as relates to these paragraphs of the syllabus just mentioned we adhere to, further discussion thereof being unnecessary at this time.

In the former opinion, and in the sixth paragraph of the syllabus thereof, it is said:

"A partner can not apply partnership property to the payment of his individual liability without the consent of his copartner."

The record, as we view it, makes a reexamination of the proposition here announced necessary, for the purpose of determining its applicability to the evidence in the case. Instruction No. 6 given by the court was in the language following:

"If you find from the evidence that H. S. Brown and

S. S. Brown were partners respecting the land mentioned in the evidence, and the crops to be grown thereon, then, and in that event, any contract made in the line of said partnership, by either of them, would be binding on both, and the first transfer made in good faith, and for a valuable consideration, by either of them, respecting the leases in controversy, would be binding on all parties concerned, and the party taking such first assignment would acquire the first and best title thereto."

The correctness of this instruction as an abstract proposition, was not passed upon in the former opinion, but it was held that the judgment of the district court should be reversed, because of the inapplicability of that instruction to the evidence. In brief of counsel for plaintiff in error, respecting this instruction, it is said:

"It is wrong in this: First, the instruction assumes the jury would be warranted in finding from the evidence that said Browns were equal partners in the ownership of the land; second, in this, that the first disposition made of the leases by one of them for a valuable consideration would be binding, leaving out the important provision, 'if in the line of the partnership business.' "

We are of opinion that the instruction is not vulnerable in respect of either of the objections urged. Regarding the first objection, it may be said that counsel for plaintiff in error seems to be under a misapprehension. It is clear to us that, taken in connection with the other instructions given, the instruction very fairly and clearly submits for consideration of the jury the real question involved.

Our examination of the evidence has led us to the belief that it establishes beyond question the partnership of the two Browns in the ownership, not only of the land, but of the crops to be grown thereon. From the evidence of the partners themselves it is shown without substantial dispute that Mrs. Brown had advanced to be used in the partnership business from her separate estate between $500 and $600 some time before the controversy herein

arose. While it is undisputed that S. S. Brown gave his individual note to his wife for the money borrowed, it is, we think, equally clear that the money was used in the prosecution of the partnership business, the greater portion of it being used in the payment of the amount due to plaintiff in error or his assignor upon the contract relating to the land used by the Browns in their business.

The fact that S. S. Brown gave his individual note would not, we think, change the character of the debt from a partnership to an individual debt. But whether it was a partnership debt or not would depend upon the contract of partnership between the two Browns. S. S. Brown testified that he was to furnish the capital for the business of the copartnership. His money was to be returned to him with good interest, and the profits in the business, thereafter remaining, were to be divided. If to borrow the money in question from Mrs. S. S. Brown did not create a partnership debt, it would be because of an agreement on the part of S. S. Brown that he was in fact to advance the partnership capital, but in no view of the evidence in the case is it necessary to determine whether this was or was not a partnership debt. We do not determine it.

Very shortly after the execution of the lease in controversy, and about May 1, 1891, S. S. Brown assigned the duplicates of his leases to his wife, in payment of the money due her. These assignments were forwarded to H. S. Brown in Illinois for his execution, and they seem to have been by him executed at once, but not actually returned to Mrs. Brown until August 1. It seems that the partnership business resulted in a loss from its inception, and it is undisputed that practically all of the capital used therein, amounting to something like $15,000, had been advanced by S. S. Brown, the member of the firm who lived in Nebraska. While it is not disclosed that the affairs of the partnership business had been settled, or that any adjustment whatever had been made, yet it is disclosed that H. S. Brown, who had some time previously

returned to Illinois, had nothing but a nominal interest in the affairs of the copartnership.

Plaintiff in error claimed title to the corn in contro-versy by virtue of an arrangement with H. S. Brown, the partner residing in Illinois, by the terms of which H. S. Brown agreed to, and did in fact, surrender to plaintiff in error the bond for a deed covering the land, the same being the only title held by the partnership to the land. While this bond for a deed was made in the name of H. S. Brown individually, the evidence amply justified a find-ing that it was partnership property, and that this was well known to plaintiff in error. The rule is that if prop-erty is bought by a partner in a firm, acting for the firm, the property belongs to the partnership as soon as the sale is complete, because the purchaser is the firm; and the fact that title to real estate is taken in the name of one member does not deprive it of the character of part-nership property. *Catron v. Shepherd*, 8 Neb. 308; *Bar-ber v. Crowell*, 55 Neb. 571; *Bowen v. Billings, Boise & Co.*, 13 Neb. 439.

It further appears that this agreement was verbal, but that at a later date it was to be reduced to writing. It was so reduced to writing on September 23, 1891. On that date H. S. Brown gave to plaintiff in error an order on the several tenants living on the land to turn over the rent share of the corn to plaintiff in error. The leases had been made in the name of S. S. Brown. There seems to be no room for question under the evidence that H. S. Brown executed this written agreement, and gave the order upon the tenants some time after he had executed the assignment of the leases to Mrs. Brown, and had for-warded them, either to her, or to her husband to be de-livered to her.

In the view we take of the evidence, it is not necessary to determine the day upon which the contract between H. S. Brown and plaintiff in error was entered into, or when it became effective; or whether H. S. Brown had au-thority to execute this kind of a contract, surrendering

title to the partnership land without the knowledege or consent of his partner; because from any view that may be taken, the right of Mrs. Brown to the corn is prior in point of time to that of plaintiff in error. We are of opinion that the instruction was not prejudicial to plaintiff in error; it seems to have been applicable to the theory upon which the parties tried the cause.

It is contended that the instruction is erroneous because it states that the first transfer made by either partner would be effective, if for a valuable consideration, without limiting the power to make such assignment with the proviso, "if in the line of partnership business." The instruction does not fall when subjected to the test suggested. It must be read as a whole. It is therein said that "any contract made in the line of said partnership by either of them would be binding on both." This must, and would naturally, be read in connection with all that follows. It is apparent that it contains the essential element alleged to be absent therefrom.

Complaint is made with reference to other instructions, but defects therein, if any, are not specifically pointed out, and from an examination of the charge as a whole, we feel warranted in saying that the case was fairly and intelligibly submitted. The cause seems to have been tried upon the theory that either partner had the right to make a conveyance in the line of partnership business without the concurrence of the other. The right of plaintiff in error rested entirely upon the agreement and conveyance claimed to have been made by H. S. Brown, who resided in Illinois, and who, as we have seen, did not have possession of the property, and had, at the most, only a nominal interest therein. Taking the record as a whole, and the charge of the court, we feel that the cause was properly submitted. It is therefore recommended that the opinion heretofore rendered in this case be modified in accordance with the views herein expressed, and that the judgment of the district court be affirmed.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment heretofore rendered in this case is vacated and the judgment of the district court

AFFIRMED.