THOMAS B. STOCKER, APPELLANT, V. NEMAHA VALLEY
DRAINAGE DISTRICT, APPELLEE.

FILED FEBRUARY 23, 1921.   No. 21239.

Judgment: RES JUDICATA.  Issues once determined by a judgment can-
not be relitigated in a subsequent action between the same parties.

APPEAL from the district court for Nemaha county:
JOHN B. RAPER, JUDGE. *Affirmed.*

*Stocker & Foster*, for appellant.

*Kelligar & Ferneau*, contra.

PER CURIAM.

This is a suit in equity to require defendant, a public
drainage district, to pay for and to maintain bridges across
drainage ditches severing different parts of plaintiff's
farm. The ditches and the severances are parts of a pub-
lic drainage improvement. Other equitable relief sought
by plaintiff is the ordering of a levy on each acre of land
in the drainage district to pay the necessary expenses of
building and maintaining these bridges. One of the de-
fenses pleaded is former adjudication. In this plea de-
fendant sets up the pleadings, proofs and judgment in
*Stocker v. Nemaha Valley Drainage District*, 99 Neb. 38.
The trial court sustained the plea of *res judicata* herein
and dismissed the suit. Plaintiff has appealed.

The position of plaintiff in reply to the plea of *res
judicata*, if correctly understood, may be summarized
thus: The trial court in determining the former case,
which was a condemnation proceeding, and the supreme
court on appeal from the former judgment of the district
court, adjudicated merely the inconvenience of plaintiff's
access to his severed lands, and set off such mere incon-
venience against the incidental benefits, while in the pres-
ent case it is shown that there is, in the absence of a
bridge, a total destruction of plaintiff's access to a large

tract of his severed land, and this amounts to a taking of his severed land, and this taking of severed land not required for drainage purposes was not, and cannot be, offset by incidental benefits. In other words, it is insisted that the trial court, in the present suit, did not distinguish between a total or partial denial of access and a mere inconvenience of access in the matter of offsetting benefits.

The power to organize drainage districts and to condemn land for that public purpose was granted by statute. The legislature evidently meant to allow the remedies of the landowners in condemnation proceedings to extend to compensation for all damages, including inconvenience to access, partial destruction of access; and total destruction of access. All of these elements, as we understand the condemnation proceedings in the former action and the judgment therein, were pleaded, litigated, and determined. *Stocker v. Nemaha Valley Drainage District,* 99 Neb. 38. If this is a correct view of the facts and the law, the present action was properly dismissed by the trial court on the plea of *res judicata.*

AFFIRMED.

LETTON, J., not sitting.