CHARLES KNAPP, APPELLEE, v. SALINE COUNTY, APPELLANT.

FILED OCTOBER 7, 1932. No. 28071.

*John E. Mekota,* for appellant.

*G. E. Hager,* contra.

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

THOMSEN, District Judge.

This is an action for damages caused by rain water which overflowed plaintiff's land due to defective construction of an adjacent highway and culvert. As a result of the overflow, plaintiff claimed loss of a stack of hay and of corn then growing on the land. The case was tried to a jury and resulted in a verdict for $757.

Defendant claims errors in instructions, in the failure to strike certain testimony and in the admission of other testimony.

This is the fourth appearance of this case in this court, the first appearance being on an appeal from a granted writ of mandamus. Under the order in that case the defendant was required to construct either a larger culvert to carry away the surface waters or to increase the number of culverts. The court found that prior to the imperfect construction flood waters were not collected upon plaintiff's land nor retarded in their free flow from the premises and found for the plaintiff generally in its decree. The issues there tried dispose of every contention, except one to be hereinafter noted, leaving for the jury's determination solely these questions: Whether the physical conditions were the same as those which existed at the time of the decree in the mandamus action? Whether the rainfall on and immediately prior to June 16, the date when the damage was caused for which recovery is here sought, was so extreme as not reasonably to be anticipated; and, if so, "what portion thereof would have remained on the plaintiff's land long enough to produce injury had the defendant made provision for carrying off ordinary rains, and the amount of the plaintiff's damages?" These propositions were submitted to the jury by proper instructions. In arriving at the damages, the jury were, in effect, instructed if the rainfall was found to have been in excess of a reasonably-to-be-anticipated quantity, no allowance should be made for damage caused by such excess. This properly became the main issue. The matters adjudicated in the former action could not be relitigated between the parties; they became established facts. *Stocker v. Nemaha Valley Drainage District*, 105 Neb. 684; *Toop v. Palmer*, 108 Neb. 850.

The offered testimony, of the failure to admit which the defendant complains, is directed mostly to showing that water would be impounded on plaintiff's land regardless of whether the culverts had been constructed or

not, and that the physical condition of the land was such that water would naturally remain upon it. This issue could not be retried. The defendant's attention was particularly directed to this fact in the commissioner's opinion, 27540. The court was right in excluding such evidence. The requested instructions, refused by the court, in effect permitted the jury to review the already determined fact of whether or not damage would have resulted if the highway were properly constructed; and the gist of that portion of these instructions proper to be given was included in those given by the court. We find no error in the admission or exclusion of testimony nor in the instructions given or refused.

The defendant claims the verdict to be excessive. Although other one-day rains of approximately equal intensity had fallen at other times, such rains had not theretofore caused any damage; so a verdict for the entire loss sustained seems justified. But to sustain the amount of the verdict it must be assumed that the jury gave the greatest weight to the testimony of the wife of the plaintiff in assessing the value of the corn and hay lost. There seems to be no foundation for her testimony. Furthermore, since the plaintiff was the person most interested, he naturally would fix the highest value which he hoped to recover. The highest value fixed by the plaintiff is: Hay lost, $80; corn lost, $192; a total value of $272. To this should be added interest at the rate of 7 per cent. from June 16, 1925, to the date of the judgment, April 21, 1931, an aggregate amount, with interest, of $383.32. The amount of the judgment should be reduced to this sum and the excess remitted.

For the reasons given, the judgment is affirmed upon condition that appellee remit $373.68 within thirty days, leaving a judgment for $383.32; otherwise the judgment is reversed and the cause remanded.

AFFIRMED ON CONDITION.