PRUDENTIAL INSURANCE COMPANY, APPELLEE, V. MILTON PREBYL, APPELLANT.

FILED JANUARY 20, 1933. No. 28336.

*B. W. Stewart,* for appellant.

*Perry, Van Pelt & Marti* and *E. S. Ripley, contra.*

Heard before Goss, C. J., Dean, Good, Eberly, Day and Paine, JJ.

Dean, J.

This is an appeal by Milton Prebyl from an order of the district court for Gage county confirming the sale of certain real estate to the Prudential Insurance Company of America, plaintiff herein.

On or about November 2, 1923, Milton Prebyl and Mollie Prebyl, his wife, executed and delivered to the plaintiff company their promissory note for $14,500, bearing interest at the rate of 5 per cent. per annum. By its terms the note became due November 2, 1930, and as security for the payment thereof, the defendants Prebyl executed and delivered to the plaintiff a mortgage on certain described real estate owned by them. The defendants defaulted in the payment of interest on the note and permitted the mortgaged property to be sold for taxes, whereupon the plaintiff, as provided in the mortgage, redeemed the property and elected to declare the entire sum due and payable at once.

On or about March 22, 1930, the defendant Milton Prebyl was adjudged bankrupt and a trustee was thereupon appointed to take charge of his estate. An order was entered on June 14, 1930, by the referee in bankruptcy, permitting the plaintiff company to foreclose the mortgage herein. A voluntary appearance was entered by the trustee in bankruptcy, wherein the trustee alleged that whatever sum remained after the sale of the property, in an amount over the lien of the plaintiff company, should be paid to him as trustee. The court found and decreed that $16,629.99, with interest at 10 per cent. per

annum from September 18, 1930, was due the plaintiff under the terms of the mortgage, and that such mortgage constituted a first lien against the real estate in suit and that the plaintiff was entitled to a foreclosure thereof. A stay of nine months was granted to the trustee in bankruptcy.

The real estate was subsequently sold for $11,000 to the highest bidder, the plaintiff company. Objections were filed by the defendant Prebyl to the confirmation of the sale, but such objections were overruled by the court. The defendant has appealed.

The defendant's argument is that the bankruptcy proceeding discharged all of his debts, including that of the note held by the plaintiff, and he contends that the mortgage in suit represents only a security for the debt owing to the plaintiff, but in no way does it pass title, and that he is therefore entitled to a perpetual injunction preventing the enforcement of the decree of foreclosure. In view of the authorities hereinafter set forth, we do not agree with the defendant.

In 7 Remington on Bankruptcy, sec. 3443, the following rule is announced, namely: "In actions to try the title to property, or to determine the validity of liens on property, or interest therein, where no recovery of a debt is sought, the defendant may not interpose his discharge in bankruptcy—discharge bars debts, not ownership of property, whether such ownership be absolute, conditional or by way of lien, whether it be ownership of the whole or merely partial ownership." And in the same work at section 3449, this is said: "The discharge does not operate to cast off good and valid liens given or acquired for the debts, either liens by contract or by legal proceedings, nor to prevent their enforcement. It is purely personal to the bankrupt." In 42 L. R. A. n. s. in notes at pages 294 and 295, it is stated that a mortgage lien is not avoided by the subsequent discharge of the mortgagor as a bankrupt, the courts recognizing the rule that such a discharge releases the personal liability

only. "Where a judgment creditor's suit is commenced before a decree in bankruptcy against the defendant therein, so as to obtain a lien upon his property, and the defendant subsequently obtains his discharge under the bankrupt act, he cannot plead such discharge in bar of the suit generally; as the discharge is only a bar to a personal decree against the property." *Lowry v. Morrison,* 11 Paige Ch. (N. Y.) 327. In *Long v. Bullard* (117 U. S. 617) 29 L. Ed. 1004, the court held: "The setting apart of the homestead to the bankrupt * * * does not relieve the property from the operation of liens created by contract before the bankruptcy." And in *Sample v. Beasley,* 158 Fed. 607, the rule is stated: "A court of bankruptcy has no jurisdiction to enjoin the sale of property on judgment rendered in a state court enforcing mortgage liens of debt long prior to four months preceding the filing of the petition or adjudication of the mortgagor a bankrupt."

The decree of foreclosure herein was obtained in September, 1930, and the defendant did not receive his discharge in bankruptcy until the latter part of November, 1930. Merit does not appear in the contention of the defendant that the discharge in bankruptcy canceled the lien of the mortgage and that the title to the real estate therefore remains in him. Clearly it cannot be successfully argued that the bankruptcy act was intended to permit a bankrupt to avail himself of the provisions of the act, obtain a cancelation of his debts, including a mortgage lien which had been reduced to judgment, and have the title to the mortgaged property remain in him free from the lien of the mortgage. And where the mortgagee obtained a decree of foreclosure against the defendant, who subsequently was declared a bankrupt, such decree is a valid lien against the property and the discharge in bankruptcy does not operate to cancel it. The court did not err in refusing to issue a permanent order enjoining the plaintiff from enforcing the decree of foreclosure obtained by it.

AFFIRMED.

The following opinion on motion for rehearing was filed April 3, 1933. *Former opinion and syllabus modified.*

Bankruptcy: DISCHARGE: MORTGAGE LIENS. Where, after an order of a referee in bankruptcy permitting a mortgagee to foreclose a mortgage, a decree of foreclosure was obtained against a mortgagor, such decree is a valid lien against the property and the discharge in bankruptcy does not operate to cancel it.

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

Upon consideration of the brief and motion for rehearing filed herein, and of the assignments set forth therein, we decline to deviate from our conclusion. See *Prudential Ins. Co. v. Prebyl, ante,* p. 295.

The original syllabus and that part of the body of the opinion in which it is incorporated are withdrawn, however, and the language of the syllabus herewith submitted is substituted for the former syllabus and also for that part of the former body of the opinion withdrawn and becomes the law of the case. Where, after an order of a referee in bankruptcy permitting a mortgagee to foreclose a mortgage, a decree of foreclosure was obtained against a mortgagor, such decree is a valid lien against the property and the discharge in bankruptcy does not operate to cancel it. The court did not err in refusing to issue a permanent order enjoining the plaintiff from enforcing the decree of foreclosure obtained by it.

With the above changes in the opinion, the motion for rehearing is

OVERRULED.