## PREBYL v. PRUDENTIAL INS. CO. OF AMERICA. *
### No. 11117.

Circuit Court of Appeals, Eighth Circuit.
July 7, 1938.

Rehearing Denied Aug. 9, 1938.

Milton Prebyl, in pro. per.

J. P. O'Gara, of Lincoln, Neb. (E. B. Perry, Robert Van Pelt, and Lloyd J. Marti, all of Lincoln, Neb., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

The question to be determined on this appeal, if it has not already been conclusively determined, is what is the effect of a discharge in bankruptcy of a mortgagor upon the lien of a real estate mortgage on land in Nebraska.

Appellant, as plaintiff below, brought this action at law for possession of four hundred acres of land situate in Gage County, Nebraska, and in his petition al-

*Writ of certiorari denied 59 S.Ct. 152, 83 L.Ed. ——.

leged that appellee was unlawfully withholding possession from him and had so withheld the same since March 3, 1932 and had collected rents and profits amounting in the aggregate to $6,000. We shall refer to the parties as they were designated in the lower court.

Defendant's answer was a general denial and a plea of res judicata. The action, on stipulation of the parties, was tried to the court without a jury, resulting in a judgment of dismissal from which plaintiff has appealed. The facts were all stipulated.

On November 2, 1923, plaintiff and his wife borrowed of the defendant $14,500, which sum was evidenced by a promissory note executed by plaintiff and his wife, the note being due November 2, 1930, and as security for the payment of the note plaintiff and his wife duly executed and delivered to defendant a mortgage upon four hundred acres of land situate in Gage County, Nebraska. Interest was not paid upon the note and the mortgaged premises were permitted to go to sale for taxes. The defendant redeemed the property from tax sale and elected to declare the entire sum due and payable as provided by the terms of the mortgage. On March 22, 1930, plaintiff was adjudged bankrupt, and a trustee was appointed of his estate. On proper application, an order was entered in the bankruptcy court authorizing the mortgagee to foreclose its mortgage. The trustee in bankruptcy entered a voluntary appearance, while Milton Prebyl and his wife, mortgagors, were duly served with process. On September 18, 1930, foreclosure decree was entered in favor of the mortgagee, finding and decreeing that there was due the mortgagee on its note and mortgage $16,629.-99, with interest, which sum was decreed to be a first lien upon the mortgaged real estate. On proper application, pursuant to the Nebraska statutes, Comp.St.1929, § 20-1506, a nine months' stay of execution of foreclosure decree was granted. On October 18, 1930, the mortgagee filed petition for discharge in bankruptcy, and upon November 28, 1930, he was discharged.

On September 24, 1931, the mortgaged property was sold pursuant to the foreclosure decree, the mortgagee, defendant herein, being the purchaser at the sale. On October 2, 1931, the mortgagor, Milton Prebyl, filed objections to confirmation of

sale on the ground that the mortgage indebtedness had been discharged by his discharge in bankruptcy. The District Court of Gage County, Nebraska, overruled the objection, confirmed the sheriff's sale, and directed the sheriff to execute and deliver to the mortgagee as purchaser, a deed for the real estate, which was thereafter accordingly done, and on March 3, 1932, the sheriff placed the defendant herein, the purchaser of the land at sheriff's sale, in possession of the real estate pursuant to a writ of possession duly issued. Thereafter, Milton Prebyl, plaintiff herein, appealed to the Supreme Court of Nebraska from the order of the District Court of Gage County overruling his objections and confirming the sale of the mortgaged real estate. The Supreme Court of Nebraska, on January 20, 1933, entered judgment affirming the order appealed from. On April 3, 1933, that court issued its mandate on its judgment of affirmance. 124 Neb. 295, 246 N.W. 351.

A real estate mortgage in Nebraska is a lien upon the real estate, the legal title and right of possession remaining in the mortgagor. Orr v. Broad, 52 Neb. 490, 72 N.W. 850; Barber v. Crowell, 55 Neb. 571, 75 N.W. 1109; McHugh v. Smiley, 17 Neb. 620, 20 N.W. 296. But while a mortgage does not convey title nor vest any estate in the mortgagee, it is not released by the mortgagor's discharge in bankruptcy. Loveland on Bankruptcy, 4th Ed., Sec. 478; Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106; Long v. Bullard, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004; Cottrell v. Pierson, C.C., 12 F. 805; Prudential Ins. Co. v. Milton Prebyl, 124 Neb. 295, 246 N.W. 351; Paxton v. Scott, 66 Neb. 385, 92 N.W. 611; Lincoln Savings & Loan Ass'n v. Anderson, 115 Neb. 199, 212 N.W. 210.

The contention made by plaintiff in this action in the lower court and which is urged here, that his real estate mortgage was released by his discharge in bankruptcy, was first made by plaintiff in his objections to confirmation of the mortgage foreclosure sale in the suit brought in the District Court of Gage County, Nebraska. It was there overruled, whereupon he took an appeal to the Supreme Court of Nebraska, and that court, in Prudential Insurance Company v. Prebyl, supra, affirmed the order appealed from. In answering plaintiff's argument that the bankruptcy proceedings discharged all his debts including that of the note secured by the mortgage, the court, among other things, said (page 352):

"The decree of foreclosure herein was obtained in September, 1930, and the defendant did not receive his discharge in bankruptcy until the latter part of November, 1930. Merit does not appear in the contention of the defendant that the discharge in bankruptcy canceled the lien of the mortgage and that the title to the real estate therefore remains in him. Clearly it cannot be successfully argued that the Bankruptcy Act (11 U.S.C.A.) was intended to permit a bankrupt to avail himself of the provisions of the act, obtain a cancellation of his debts, including a mortgage lien which had been reduced to judgment, and have the title to the mortgaged property remain in him free from the lien of the mortgage."

This exact issue, based upon the identical facts in a suit between the same parties, was directly adjudicated and determined by the Supreme Court of Nebraska adversely to the claim now urged by plaintiff. An issue thus once tried on its merits, culminating in a final judgment, precludes a retrial of the same issue between the same parties, whatever the form of action may be. Atchison, T. & S. F. R. Co. v. A. B. C. Fireproof Warehouse Co., 8 Cir., 82 F.2d 505; Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F.2d 412; Brooks v. Arkansas-Louisiana Pipe Line Co., 8 Cir., 77 F.2d 965; Knapp v. Saline County, 123 Neb. 827, 244 N.W. 419; Blochowitz v. Blochowitz, 130 Neb. 789, 266 N.W. 644.

If there were doubt on the merits of this issue, which we think there is not, still it could not be relitigated in the Federal Court because conclusively settled by the judgment of the state court. The judgment appealed from is therefore affirmed.