MILTON PREBYL, APPELLANT, V. PRUDENTIAL INSURANCE COMPANY ET AL., APPELLEES.

6 N. W. (2d) 881

FILED DECEMBER 18, 1942. No. 31521.

*Milton Prebyl, pro se.*

*Perry, Van Pelt & Marti, J. P. O'Gara* and *Vasey & Mattoon, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

ROSE, J.

Plaintiff, Milton Prebyl, claims to be the owner of 400 acres of land in Gage county. His petition is in the form of two causes of action. In the first, he prays for the cancelation of alleged void deeds and liens of defendants, the Prudential Insurance Company and John S. Callan, and for quieting in himself the title to the land. In the second, he seeks a decree dispossessing the terre-tenant, John S. Callan, defendant, and restoring possession to himself and requiring restitution from defendants for their wrongful possession and use of the land. Each designated "cause of action" depends on title in plaintiff. Defendants assailed each alleged cause of action by general demurrer. The demurrers were sustained. Plaintiff refused to plead further and the action was dismissed. Plaintiff appealed.

Among other allegations the petition states in substance: Plaintiff acquired title to the land by warranty deed January 12, 1920, borrowed from the Prudential Insurance Company $14,500 November 2, 1923, and secured the loan by a mortgage on the land. Plaintiff was adjudged a bankrupt March 22, 1930. The mortgage was listed as a debt in the bankruptcy proceeding and plaintiff's provable debts were discharged by decree of the federal court November 28, 1930. The referee in bankruptcy made an order June 14, 1930, granting mortgagee permission to foreclose its mortgage in the district court for Gage county, Nebraska. Under a decree of foreclosure therein for an unpaid debt of $16,629.99, mortgagee purchased the land for $11,000 at a judicial sale and procured a sheriff's deed therefor. The purchaser dispossessed plaintiff by a writ from the district court for Gage county pursuant to the judicial sale and took possession of the premises March 3, 1932. John S. Callan, defendant, asserted title and right of possession in himself under a recorded deed from the purchaser at foreclosure sale and mortgaged the land for $7,500 to secure a note payable to the Prudential Insurance Company.

Plaintiff contends that the decree of foreclosure, the judicial sale and the sheriff's deed did not deprive him of his title and that the debt secured by the 14,500-dollar mortgage was discharged by the decree of the bankruptcy court. The petition, however, does not state facts sufficient to support plaintiff's view of his pleadings. The trustee in bankruptcy took the title and the interests of the bankrupt in the latter's property but did not take the insurance company's mortgage lien on the 400 acres of mortgagor's land. The bankruptcy court may authorize a mortgage to foreclose in a state court a mortgage on real estate of the bankrupt mortgagor. *Prudential Ins. Co., v. Prebyl,* 124 Neb. 295, 246 N. W. 351; *Prebyl v. Prudential Ins. Co.,* 98 Fed. (2d) 199; *First Trust Co. v. Baylor,* 1 Fed. (2d) 24, and cases cited in opinion. It is settled law that a debt secured by a mortgage on real estate of the bankrupt mortgagor is not canceled by his discharge in bankruptcy.

The petition shows on its face that plaintiff lost his title to the mortgaged land by the decree of foreclosure, the judicial sale and the sheriff's deed and that he is not entitled to any relief for which he prays. The demurrers were properly sustained and the action properly dismissed.

AFFIRMED.