OMAHA U. S. EMPLOYEES' FEDERAL CREDIT UNION, APPELLANT, V. JAMES A. BRUNSON ET AL., APPELLEES.

23 N. W. 2d 717

FILED JUNE 28, 1946. No. 32096.

W. L. *Cropper, Carl Self,* and *Lloyd Crocker,* for appellant.

*David D. Weinberg,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

The plaintiff in this case brought an action in replevin to recover possession of certain personal property upon which it held a chattel mortgage. The defendant pleaded a discharge in bankruptcy as a defense. The trial court held with the defendant and the plaintiff appeals.

The evidence shows that on August 6, 1941, the defendant, James A. Brunson, made and executed a chattel mortgage in the amount of $200 upon certain personal property. The mortgage was properly filed for record on August 12, 1941. No payments were made on the mortgage.

The record shows that defendant James A. Brunson filed a petition in bankruptcy in which he listed the plaintiff as a secured creditor. Notice of the bankruptcy proceeding was given to plaintiff but the plaintiff took no action with reference thereto. On February 5, 1944, defendant was given his discharge in bankruptcy. On February 6, 1945, plaintiff filed its petition and affidavit in replevin in the municipal court of the city of Omaha. Service of the writ was duly had upon the defendants, but the mortgaged property could not be found. Plaintiff claims the right to possession of said personal property or the value thereof.

The question is whether the chattel mortgage may be foreclosed in replevin after the mortgagee was listed as a secured creditor and notice of the bankruptcy proceeding properly given to such creditor, or, if the property cannot be found, whether plaintiff is entitled to a judgment for its value.

A secured creditor need not file a proof of claim in a bankruptcy proceeding in order to preserve or enforce his rights against the specific property upon which he has a lien, unless he chooses to make claim against the general estate for such sum as is due him over and above the value of the security. 8 C. J. S., Bankruptcy, § 431, p. 1296. The effect of the discharge is personal to the bankrupt and it has no effect upon a valid lien existing on his property. An authoritative text writer states the rule as follows: "A discharge being personal in character, releases the bankrupt's personal liability only. It follows, therefore, that a valid lien on property of the bankrupt existing at the time of the adjudication in bankruptcy, which is not avoided by the Bankruptcy Act, may be enforced notwithstanding the discharge of the bankrupt." 1 Collier on Bankruptcy, 1660.

In Paxton v. Scott, 66 Neb. 385, 92 N. W. 611, we said: "The discharge of the bankrupt does not affect securities and they are subject to a judgment or decree in rem, but the creditor applying for such remedy may be required to await the result of the bankrupt's discharge, if the bankrupt or

assignee insists upon it. If the creditor have an attachment or other lien, he may have a special judgment entered in rem. Lowell, Bankruptcy, sections 396 and 397. The bankruptcy law was carefully designed to save all liens against property from being affected by the discharge, and its terms seem ample for that purpose." See, also, Shreck v. Hanlon, 74 Neb. 264, 104 N. W. 193. In Prebyl v. Prudential Ins. Co., 98 F. 2d 199, it is stated: "But while a mortgage does not convey title nor vest any estate in the mortgagee, it is not released by the mortgagor's discharge in bankruptcy."

It is evident under the foregoing authorities that plaintiff's lien on the personal property described in the chattel mortgage was not released or discharged by the discharge in bankruptcy. The record shows, however, that the mortgaged property was not found. Under such circumstances plaintiff can obtain no relief by way of a personal judgment on the note which the chattel mortgage was given to secure.

It is urged that, as the mortgaged property was not taken in the replevin proceeding, the action should proceed as one for damages, as provided in section 25-10,106, R. S. 1943. The record shows that the chattel mortgage was listed with the trustee in bankruptcy and that the property given to secure the mortgage was also described with particularity. The trustee was constructively, if not actually, in possession of the property for the purpose of its liquidation in accordance with the bankruptcy law. 8 C. J. S., Bankruptcy, § 176, p. 628. There is nothing in the record to show what became of this property or when it became unavailable to the payment of the mortgage debt. For aught this record shows, the property may still be in the possession of the trustee, or the trustee and not the defendant may have parted with the possession of the property to the damage of this plaintiff. We are of the opinion that if it was shown that defendant was in possession of the property after the completion of the bankruptcy proceeding, so that the loss of the

right of possession could be charged with certainty to the defendant, a judgment for damages could be entered in accordance with the cited statute. But there is no evidence in this record sufficient to charge the defendant with the damages resulting from a failure to find the property. The burden being upon the plaintiff to make a case and, the evidence being insufficient to so do, the trial court properly denied a judgment for damages.

AFFIRMED.