**In the Matter of Gilbert Franklin KRAHN, Ver Jean Lee Krahn, Debtors.**

**Bankruptcy No. 80–00127.**

United States Bankruptcy Court, E. D. Wisconsin.

April 28, 1981.

O'Meara, Eckert & Pouros, West Bend, Wis., for Valley Bank of Kewaskum.

Arthur W. Guenther, Jr., Guenther Law Offices, Campbellsport, Wis., for Debtors.

## DECISION

HOWARD W. HILGENDORF, Bankruptcy Judge.

The question for decision is whether the debtors may reopen their bankruptcy case to avoid liens on exempt property under the provisions of Section 522(f) of the Bankruptcy Code. Section 522(f) provides as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien; or
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
>
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

---

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or (C) professionally prescribed health aids for the debtor or a dependent of the debtor.

The voluntary petition was filed by the debtors on January 21, 1980. Their discharge was granted on April 17, 1980 and the case was closed on June 19, 1980. On January 8, 1981 the debtors filed their petition to reopen their case to enable them to avoid liens on their exempt property. The petition was scheduled for hearing on January 29, 1981 at which time a creditor, Valley Bank of Kewaskum, objected on the grounds that the petition was not timely. The bank further objected for the reason that the creditor had incurred expenses of $498.32 for attorneys' fees and disbursements in connection with a replevin action which was commenced on October 20, 1980. The purpose of the replevin action was to repossess items of household goods and other personal property secured by a valid lien to the bank.

Although the debt to the bank was discharged, the bank's lien remained valid and enforceable in the state court in the manner employed by the bank.[1] However, it is claimed by the debtors that the bank made demands for the return of property not covered by a valid lien to the bank, e. g. a 1969 Chevrolet Impala, a 1972 Chevrolet Suburban, and a 1971 VW Beetle. Except for these improper demands, the debtors contend that they were willing to turn over to the bank the property covered by the bank's lien except for several items essential to the needs of the household such as the washer, dryer, freezer, television, and air conditioner necessary for the health of their five year old daughter. The debtors desired to make a settlement with the bank on these items but allege that the bank's officer summarily rejected any such offers. The bank has a different version of the transactions and contends that the demand for the return of the vehicles was merely a drafting error in the complaint and that no further demands were made after the error was discovered. However, it is not necessary for the court to resolve this dispute under the decision which follows.

The court holds that the appropriate method for avoiding liens on exempt property is to file a complaint. Bankruptcy Rule 701 provides that Adversary Proceeding Rules apply to proceedings instituted to determine the validity, priority or extent of a lien or other interest in property. Rule 701(3). The second question is when must a debtor file a complaint to avoid a lien under Section 522(f). Neither the rules nor the Code seem to shed any light on this question. However, the bankruptcy court for the S.D. of California in the case of *In re Betty Gene Adkins*, 7 B.R. 325, 6 BCD 997 recently considered this question and held that the complaint must be filed at or before the discharge hearing. Under the provisions of Section 524(c) of the Code any reaffirmation agreement to be enforceable must be made before the discharge is granted. Therefore, in order to retain property covered by a lien, the debtor must negotiate a reaffirmation agreement before the discharge, and if the lien or any portion of it impairs the debtor's exemptions, he must act to avoid the lien before the discharge is granted. In addition to the reason stated to act before the discharge is granted, there must be some finality to a bankruptcy proceeding. "It is not proper for a debtor to sit back and do nothing to protect his rights, wait for a creditor to take some action, and then decide what he wants to do." *In re Adkins*, supra.

For these reasons the motion to reopen the case to file a complaint under Section 522(f) is denied.

Although the law seems to clearly prevent relief for the debtors, the court is concerned with the debtors' plight which prevents them from obtaining the fresh start which the law intends. To attempt to

---

1. *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *Prebyl v. Prudential Life Ins. Co.* (C.C.A., 8th Cir.), 37 Am.B.R.(N.S.) 324, 98 F.2d 199 cert. den., 305 U.S. 641, 59 S.Ct. 151, 83 L.Ed. 413; *Paxton v. Scott*, 66 Neb. 385, 10 Am.B.R. 80, 92 N.W. 611; *Howard v. Cunliff*, 96 Mo.App. 67, 10 Am.B.R. 71, 69 S.W. 737.

maintain a household with small children, one of whom needs an air conditioner for health reasons, without such basic necessities as a washer, dryer, and freezer is difficult if not impossible. The court would suggest that if the debtor voluntarily releases all other security without further expense to the bank, a settlement might be feasible in which the debtor can retain the household items which probably have little resale value but are extremely important for the debtors.